UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAZENERCOM TOO; ASSOCIATION OF KAZAKH INVESTORS AND ENTREPRENEURS; PUBLIC FOUNDATION OUR HOUSE KAZAKHSTAN; KINOZHUZ; YERKIN BEKTAYEV; BERIK BEKTAY; KANET MEIRMANOV, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:08-cv-01339 (ESH) |
| v. | ) ) | |
| TURAN PETROLEUM, INC.; TREK RESOURCES, INC.; IBAR DEVELOPMENT, LLC; IBAR VENTURES, LLC; ASKAR ("AKAR") KARABAYEV; ANATOLY ("TONY") VANETIK; NAUM VOLOSHIN; TIMUR KOICHUMANOV; ALEXANDER KUSHNERENKO; ALEX STRIGANOV; and DOES from 1 to 100, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MOTIONS BY DEFENDANTS TURAN PETROLEUM, INC; IBAR DEVELOPMENT, LLC; IBAR VENTURES, LLC; ASKAR KARABAYEV; TIMUR KOICHUMANOV; ALEX STRIGANOV AND NAUM VOLOSHIN TO DISMISS COMPLAINT AS PER F.R.C.P. 12(b)(1),(2),(3),(5) & (6); MOTION TO STRIKE AS PER F.R.C.P. 12(f)(2); AND ALTERNATIVE MOTIONS TO TRANSFER UNDER 28 U.S.C. § 1404(a), § 1406(a) OR 28 U.S.C. § 1631; AND SUPPORTING STATEMENT OF POINTS OF LAW AND AUTHORITY INCORPORATED HEREIN**

Defendants TURAN PETROLEUM, INC. (hereinafter, "Turan"); IBAR DEVELOPMENT LLC (hereinafter, "IBAR Dev."); IBAR VENTURES LLC (hereinafter, "IBAR Ven."); ASKAR KARABAYEV (hereinafter, "Karabayev"); TIMUR KOICHUMANOV (hereinafter, "Koichumanov"); ALEX STRIGANOV (hereinafter, "Striganov") and NAUM VOLOSHIN (hereinafter, "Voloshin") (hereinafter, jointly and severally, "Defendants") hereby move this honorable Court as follows:

1.      That the complaint filed in this matter (hereinafter, "the Complaint") be dismissed for lack of subject-matter jurisdiction.  F.R.C.P. 12(b)(1);

2.      That the Complaint be dismissed as to Defendants for lack of personal jurisdiction in this honorable Court.  F.R.C.P. 12(b)(2);

3.      That the Complaint be dismissed as to Defendants on the grounds that this honorable Court is an improper venue.  F.R.C.P. 12(b)(3);

4.      That the Complaint be dismissed as to Defendants Karabayev, Koichumanov, Striganov and Voloshin for insufficient service of process.  F.R.C.P. 12(b)(5);

5.      That the Complaint be dismissed without leave to amend as to Defendants for failure to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6);

6.      That certain scandalous and immaterial matter be struck from the Complaint. F.R.C.P. 12(f)(2);

7.      That this entire action be transferred to the United States District Court for the Central District of California for want of jurisdiction in this honorable Court.  28 U.S.C. § 1631;

8.      That this entire action be transferred to the United States District Court for the Central District of California for the convenience of parties and witnesses, in the interest of justice.  28 U.S.C. § 1404(a);

9.     That this entire action be transferred to the United States District Court for the Central District of California, where venue is proper.  28 U.S.C. § 1406(a).

In support of these motions, Defendants submit the Statement of Points of Law and Authority, below; the Declarations of Defendants Karabayev, Koichumanov, Striganov and Voloshin (hereinafter, "Kar. Dec.," "Koi. Dec.," "Strig. Dec.," "Vol. Dec."), submitted herewith, and a proposed Order, which incorporates all forms of relief being requested, including alternative requests.


            /s/
CORNISH F. HITCHCOCK
    D.C. Bar No. 238824
Hitchcock Law Firm PLLC
1200 G Street, NW
Washington, DC 2005
Telephone: (202) 489-4813
Facsimile: (202) 315-3552


Of Counsel:

            /s/
SYLVIA M. SCOTT
    CA State Bar No. 134360 (not admitted in DC)
Freeman, Freeman & Smiley, LLP
3415 S. Sepulveda Boulevard
Penthouse Suite
Los Angeles, CA 90034
Telephone: (310) 255-6100
Facsimile: (310) 391-4042

August 25, 2008                    Attorneys for Defendants
                                   Turan Petroleum, Inc.; IBAR Development, LLC;
                                   IBAR Ventures, LLC; Askar Karabayev; Naum
                                   Voloshin; Timur Koichumanov; and Alex Striganov

# TABLE OF CONTENTS

I.      **Introduction**...................................................................................................... 1

II.     **Statement of Facts Alleged in Complaint** ................................................ 2

III.    **This Court Has No Jurisdiction Over The Subject Matter**................................. 3

IV.     **This Court Has No Personal Jurisdiction Over Defendants**................................. 4

    A.    **This Court Has No General Personal Jurisdiction Over Defendants** ....... 5

    B.    **This Court Has No Personal Jurisdiction over Defendants and Is Not the Proper Venue under the RICO Statute**............................................. 5

    C.    **This Court Has No Personal Jurisdiction over Defendants and is Not the Proper Venue under Federal Securities Laws**............................... 7

    D.    **This Court Has No Personal Jurisdiction Over the Alleged Alien Defendants Under Federal Rule of Civil Procedure 4(k)(2)** ................... 10

    E.    **Defendants Request Dismissal or Transfer for Want of Jurisdiction**..... 10

V.      **Venue Is Improper In The District Of Columbia** ................................................. 10

    A.    **Venue is Improper Under the General Venue Statute for Federal Question Cases – 28 U.S.C. § 1391(b)**......................................................... 11

        (i)    **The First Alternative, Residence, is Either Not a Possibility in this Case or Indicates the Central District of California as the Proper Venue** ........................................................................ 12

        (ii)   **The Second Alternative, Substantial Events or Property, Does Not Provide Venue in the District of Columbia but in the Central District of California** ...................................................... 14

        (iii)  **The Third Alternative, The District in Which Any Defendant May be Found, Would Not Provide Venue in the District of Columbia but in California**........................................... 14

    B.    **Venue is Improper Under the Alien Venue Statute – 28 U.S.C. § 1391(d)**.............................................................................................. 15

    C.    **Defendants Request Dismissal or Transfer to the Central District of California for Improper Venue, as per 28 U.S.C. § 1406(a)** ................ 16

　　　D.　　Defendants Request Transfer to the Central District of California
　　　　　　for Convenience and in the Interest of Justice, as per 28 U.S.C.
　　　　　　1404(a) .................................................................................. 18

VI.　　The Individual Defendants Have Not Been Properly Served ............................. 20

VII.　　Plaintiffs' Cause Of Action For Violations Of The RICO Statute Fails To
　　　　State A Claim Upon Which Relief Can Be Granted ........................................ 21

　　　A.　　Plaintiffs Have Failed to Satisfy the Applicable Heightened
　　　　　　Pleading Standard ................................................................................ 21

　　　B.　　Plaintiffs Cannot Transform a Few Isolated Acts Of Purported
　　　　　　Fraud by an Individual Defendant Into A Pattern Of Racketeering
　　　　　　Activity by all Defendants ................................................................... 23

VIII.　Plaintiffs' Cause Of Action For Violations Of Securities Law Fails To
　　　　State A Claim Upon Which Relief Can Be Granted ........................................ 24

　　　A.　　Heightened Pleading Standards Apply to These Claims ....................... 24

　　　B.　　The Complaint Does Not Meet Basic Notice Pleading Standards,
　　　　　　Much Less the Heightened Pleading Standards for Securities
　　　　　　Fraud .................................................................................................... 26

IX.　　Plaintiffs' Cause Of Action For Conversion Fails To State A Claim Upon
　　　　Which Relief Can Be Granted .................................................................... 32

X.　　Plaintiffs' Cause Of Action For Breach Of Contract Fails To State A
　　　　Claim Upon Which Relief Can Be Granted ................................................ 34

XI.　　Plaintiffs' Cause Of Action For Tortious Interference With Beneficial
　　　　Commercial Relationship Fails To State A Claim Upon Which Relief Can
　　　　Be Granted .............................................................................................. 35

XII.　　Plaintiffs' Cause Of Action For Fraud And Misrepresentation Fails To
　　　　State A Claim Upon Which Relief Can Be Granted ...................................... 36

XIII.　Plaintiffs' Cause Of Action For Unjust Enrichment Fails To State A
　　　　Claim Upon Which Relief Can Be Granted ................................................ 37

XIV.　Plaintiffs' Cause Of Action For Civil Conspiracy Fails To State A Claim
　　　　Upon Which Relief Can Be Granted .......................................................... 38

XV.　　Plaintiffs' Cause Of Action For Fraudulent Conveyances/Accounting Fails
　　　　To State A Claim Upon Which Relief Can Be Granted ................................. 39

**XVI.**   **<u>Plaintiffs' Cause Of Action For Declaratory Relief Fails To State A Claim Upon Which Relief Can Be Granted</u>**.................................................................... 40

**XVII.**   **<u>Plaintiffs' Cause Of Action For Damage To Business Reputation Fails To State A Claim Upon Which Relief Can Be Granted</u>**.............................................. 41

**XVIII.** **<u>Plaintiffs' Cause Of Action For Bodily Injury And Related Allegations Are Scandalous And Immaterial</u>**.......................................................................... 42

**XIX.**   **<u>Conclusion</u>**............................................................................................................ 44

# TABLE OF AUTHORITIES

## Cases

*Abrams v. Baker Hughes, Inc.,*
292 F.3d 424 (5th Cir.2002) .................................................................... 29

*Aetna Busines Credit, Inc. v. Universal Décor & Interior Design, Inc.*
635 F.2d 434 (5th Cir. 1981) ................................................................. 20

*Alicke v. MCI Comm. Corp.,*
111 F.3d 909 (D.C.Cir.1997) .................................................................... 31

*Anza v. Ideal Steel Supply Corp.,*
547 U.S. 451 [126 S.Ct. 1991] (2006) ...................................................... 22

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*
7 Cal. 4th 503 [28 Cal.Rptr.2d 475] (1994) ............................................ 39

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1988) ................................................................. 21

*Beacon Const. Co. v. Matco Elec. Co., Inc.,*
521 F.2d 392 (2nd Cir. 1975) ................................................................. 41

*Beattie v. United States,*
756 F.2d 91 (D.C. Cir. 1984) ................................................................. 11

*\*Bell Atlantic Corp. v. Twombley,*
-- U.S. --, [127 S.Ct. 1955] (2007) .......................................................... 21

*\*Blank v. Kirwan*
39 Cal.3d 311 [216 Cal.Rptr. 718] (1985) ............................................... 35

*Breakdown Services, Ltd. v. Now Casting, Inc.,*
550 F.Supp.2d 1123 (C.D. Cal. 2007) ..................................................... 41

*Burnham v. Superior Court,*
495 U.S. 604 [110 S.Ct. 2105] (1990) ...................................................... 17

*Calvary Holdings, Inc., et al., v. Chandler,*
948 F.2d 59 (1st Cir. 1991) ................................................................... 29

*Chichester v. Mason*
43 Cal.App.2d 577 [111 P.2d 362] (1941) ................................................ 40

*De Vries v. Brumback*
53 Cal.2d 643 [2 Cal.Rptr. 764] (1960) ................................................... 33

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*
11 Cal.4th 376 [45 Cal.Rptr.2d 436] (1995) ............................................ 35

*Doe v. Unocal Corp,*
27 F.Supp.2d 1174 (C.D. Cal. 1998) .................................................. 7, 20

*Dura Pharmaceuticals, Inc. v. Broudo,*
544 U.S. 336, 125 S.Ct. 1627 (2005) ...................................................... 25

*Dura Pharms., Inc. v. Broudo,*
544 U.S. 336, 125 S.Ct. 1627 (2005) ...................................................... 26

*Ellis v. Great Southwestern Corp.,*
646 F.2d 1099 (5th Cir. 1981) ................................................................. 18

iv

*Fantasy, Inc. v. Fogerty,*
    984 F.2d 1524, reversed on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S.
    517 [114 S.Ct. 1023] (1994) ............................................................... 43
*Faysound, Ltd. v. United Coconut Chemicals, Inc.*,
    878 F.2d 290 (9th Cir. 1989) ............................................................... 4
*\*FC Investment Group LC v. IFX Markets, Ltd.*,
    529 F.3d 1087 (D.C. Cir. 2008).......................................................... 5, 6
*Goldlawr, Inc. v. Heiman,*
    369 U.S. 463 [82 S.Ct. 913] (1962) .................................................... 18
*\*Grosvenor Properties, Ltd. v. Southmark Corp.*,
    896 F.2d 1149 (9th Cir. 1990) ............................................................ 34
*Hedging Concepts, Inc. v. First Alliance Mortgage Co.*
    41 Cal.App.4th 1410 [49 Cal.Rptr.2d 191] (1996) .................................. 38
*Heffernan v. Bennett & Armour*
    63 Cal.App.2d 178 [146 P.2d 482] (1944)............................................. 40
*High View Fund, L.P. v. Hall*,
    27 F.Supp.2d 420 (S.D.N.Y.1998) ...................................................... 32
*\*Hodgdon v. Needham-Skyles Oil Co.*,
    556 F.Supp. 75 (D.C. D.C. 1982) ....................................................... 8
*Howard v. America Online.*,
    208 F.3d 741 (9th Cir. 2000) ............................................................. 23
*In re Advanta*,
    180 F.3d 525 (3d Cir. 1999).............................................................. 29
*In re Affiliated Computer Services Derivative Litigation*,
    540 F.Supp.2d 695 (N.D.Tex. 2007) .................................................. 26
*In re Dura Pharms. Sec. Litig*,
    No. 99CV0151(NLLS), 2000 WL 33176043, at \*6 (S.D. Cal. July 11, 2000) ........ 30
*In re The Baan Co. Securities Litigation*,
    103 F.Supp.2d 1 (D.D.C.2000).......................................................... 32
*In re Triton Ltd. Secur. Litig.*,
    70 F. Supp.2d 678 (E.D. Tx. 1999)..................................................... 15
*In re U.S. Office Prod. Co. Sec. Litig*.,
    251 F. Supp. 2d 77 (D.D.C. 2003) ..................................................... 36
*In re Volkswagen of America, AG*,
    371 F.3d 201 (5th Cir. 2004) ............................................................ 19
*Internat'l Harvester Co. v. Deere & Co.*,
    623 F.2d 1207 (7th Cir. 1980) ........................................................... 4
*Knowlton v. Allied Van Lines, Inc.*,
    900 F.2d 1196 (8th Cir. 1990) ........................................................... 18
*\*Kowal v. MCI Communications Corp*.,
    16 F.3d 1271 (D.C.Cir.1994).......................................................... 25, 37
*\*Lamont v. Haig*,
    590 F.2d 1124 (D.C. Cir. 1978)......................................................... 14
*Marine Point Dev. Ass'n v. United States*,
    364 F. Supp. 2d 1144 (C.D. Cal. 2005) ............................................... 21

*Messinger v. United Canso Oil & Gas, Ltd.*,
   80 F.R.D. 730 (D. Ct. 1978) ................................................................. 13

*\*Moore v. Kayport Package Express, Inc.*,
   885 F.2d531 (9th Cir. 1989) ................................................................ 22

*Moore v. Ronald Hsu Constr. Co.*,
   576 A.2d 734 (D.C. 1990) .................................................................... 33

*Mowrey v. Johnson & Johnson*,
   524 F.Supp. 771 (W.D. Pa. 1981) ........................................................ 13

*Myers v. Bennett Law Offices*,
   238 F.3d 1068 (9th Cir. 2001) ............................................................. 14

*New Image, Inc. v. Travelers Indem. Co.*,
   536 F.Supp. 58 (E.D. Pa. 1981) .......................................................... 20

*Newton v.Thomason*,
   22 F.3d 1455 (9th Cir. 1994) ............................................................... 21

*Novak v. Kasaks*,
   216 F.3d 300 (2d Cir.), cert. denied, 531 U.S. 1012, 121 S.Ct. 567, 148
   L.Ed.2d 486 (2000) ............................................................................ 26

*\*One-O-One Enter., Inc. v. Caruso*,
   848 F.2d 1283 (D.C.Cir.1988) ............................................................. 31

*Orton v. Parametric Tech. Corp.*,
   344 F. Supp. 2d 290 (D. Mass. 2004) .................................................. 31

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ............................................................. 10

*Reed v. Fina Oil & Chem.. Co.*,
   995 F.Supp. 705 (E.D. Tx. 1998) ........................................................ 19

*Reichert v. General Ins. Co.*,
   68 Cal.2d 822 [69 Cal.Rptr. 321] (1968) ............................................. 34

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A*,
   119 F.3d 935 (11th Cir. 1997) ........................................................... 7, 9

*S.P.R.L. v. Imrex Co.*,
   473 U.S. 479 [105 S. Ct. 3275] (1985) ................................................ 22

*Sadighi v. Daghighfekr*,
   36 F.Supp.2d 267 (D. S.C. 1999) .......................................................... 7

*Schmidt v. American Institute of Physics*,
   322 F.Supp.2d 28 (D. D.C. 2004) ........................................................ 20

*\*Schreiber Distributing Co. v. Serv-Well Furniture Co.*,
   806 F. 2d 1393 (9th Cir. 1986) ............................................................ 23

*Scott v. Solano County Health and Social Services Dept.*,
   459 F.Supp.2d 959 (E.D. Cal. 2006) .................................................... 42

*Shapiro v. Bonanza Hotel Co.*,
   185 F.2d 777 (9th Cir. 1950) ............................................................... 16

*Shekoyan v. Sibley Int'l Corp.*,
   217 F. Supp. 2d 59 (D.D.C. 2002) ....................................................... 25

*\*Skadegaard v. Farrell*,
   578 F.Supp. 1209 (D. N.J. 1984) overruled on other grounds by *Aitchison v.
   Raffiani*, 708 F.2d 96 (3d Cir. 1983) ................................................... 43

*Skelly Oil Co. v. Phillips Petroleum Co.*,
    339 U.S. 667 [70 S.Ct. 876] (1950) ........................................................................ 41
*Smith v. U.S.*,
    507 U.S. 197 [113 S.Ct. 1178] (1993) .................................................................. 11
*\*Steel Co. v. Citizens for a Better Environment*,
    523 U.S. 83 [118 S.Ct. 1003] (1998) ............................................................... 4, 11
*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*,
    --- U.S. ----, ----, 128 S.Ct. 761, 169 L.Ed.2d 627 (2008) ........................... 25
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    127 S.Ct. 2499, 168 L.Ed.2d 179, 2007 WL 1773208 (2007) .................. 26
*Tietz v. Los Angeles Unified School Dist.*
    238 Cal.App.2d 905 [48 Cal.Rptr. 245] (1965) ......................................... 39
*Turner v. Cook*,
    362 F.3d 1219 (9th Cir. 2004) ........................................................................ 23
*Unruh v. Truck Ins. Exch.*
    7 Cal.3d 616 [102 Cal.Rptr. 815] (1972) .................................................. 38
*Van Dusen v. Barrack*,
    376 U.S. 612 [84 S.Ct. 805] (1964) ........................................................... 19
*Virtanen v. O'Connell*
    140 Cal.App.4th 688, 707 [44 Cal.Rptr.3d 702] (2006) ......................... 33
*Watson v. Stockton Morris Plan Co.*
    34 Cal.App.2d 393, 403 [93 P.2d 855] (1939) ......................................... 33

**<u>Statutes</u>**

15 U.S.C., § 78m ................................................................................................... 28
15 U.S.C. § 77i ..................................................................................................... 28
15 U.S.C. § 77v .................................................................................................... 7
15 U.S.C. § 77v(a) ........................................................................................... 7, 8
15 U.S.C. § 77z-1 ............................................................................................... 7
15 U.S.C. § 78aa ................................................................................................ 8
15 U.S.C. § 78i .................................................................................................... 7
15 U.S.C. § 78j(b) ............................................................................................. 24
15 U.S.C. § 78t(a) ............................................................................................. 31
15 U.S.C. § 78u-4(b)(1) ........................................................................ 24, 25, 28
15 U.S.C. § 78u-4(b)(2) ................................................................................... 26
28 U.S.C. § 1331 ............................................................................................... 16
28 U.S.C. § 1332(a) ........................................................................................... 4
28 U.S.C. § 1367 ................................................................................................. 4
28 U.S.C. § 1367(a) ......................................................................................... 43
28 U.S.C. § 1391(b) ..................................................................................... 11, 12
28 U.S.C. § 1391(b)(1) ................................................................................... 12
28 U.S.C. § 1391(b)(2) ................................................................................... 14
28 U.S.C. § 1391(b)(3) ................................................................................... 15
28 U.S.C. § 1391(c) ......................................................................................... 13
28 U.S.C. § 1391(d) ......................................................................................... 15
28 U.S.C. § 1406(a) ..................................................................................... 16, 18
28 U.S.C. § 2314 ............................................................................................... 24

28 U.S.C. § 2201 ............................................................................................. 4
28 U.S.C. § 1404(a) .................................................................................. 18, 20
D.C. Code § 13-334(a) ................................................................................... 5
D.C. Code § 13-423(a) ................................................................................... 5

**Other Authorities**

California Civil Code § 1689 (b)(1) ............................................................. 41
California Civil Code § 3439.07(a)(1) .......................................................... 40
California Civil Code § 3518 ....................................................................... 40
H.R. Conf. Rep. No. 104-369 (1995) .......................................................... 28

**Rules**

F.R.C.P. 4(k)(2) .......................................................................................... 10
F.R.C.P. 9(b) ......................................................................................... 24, 25
F.R.C.P. 12(b)(5) ........................................................................................ 20
F.R.C.P. 12(b)(6) ................................................................................. passim
F.R.C.P. 12(f)(2) ......................................................................................... 42
S.E.C. Rule 144 .......................................................................................... 27

**Regulations**

17 C.F.R. § 24-10b-5 .................................................................................. 24

## STATEMENT OF POINTS OF LAW AND AUTHORITY

**I.    Introduction**

    1.    Plaintiffs KAZENERCOM TOO (hereinafter, "KEC"); ASSOCIATION OF KAZAKH INVESTORS AND ENTREPRENEURS, PUBLIC FOUNDATION OUR HOUSE KAZAKHSTAN, KINOZHUZ, YERKIN BEKTAYEV (hereinafter, "Bektayev"), BERIK BEKTAY and KANET MEIRMANOV (hereinafter, jointly and severally, "Plaintiffs") have pled a broad range of legal theories in their Complaint, but have failed to plead specific facts supporting them.  Where Plaintiffs have pled facts, they are often confusing, and the alleged relationships between the facts and Defendants are not adequately pled or simply not present. The conclusory allegations, requests for relief and legal theories pled bear no discernible relationship to the facts alleged.

    2.    In addition, Plaintiffs have alleged frivolous and insubstantial Federal causes of action, under the RICO statute and Federal securities laws, in an attempt to gain sham Federal question subject matter jurisdiction, sham personal jurisdiction over Defendants and sham venue over the matter.  Plaintiffs' pleading of the Federal claims shows a complete lack of understanding of the nature and requirements of causes of action under the statutes cited. Plaintiffs not only fall far short of the heightened requirements for pleading those claims, they fall short of even basic notice pleading.

    3.    Joined with the Federal causes are twelve causes of action under common law which do not belong in Federal court and certainly do not belong in the United States District Court for the District of Columbia.  Again, Plaintiffs' pleading of these causes of action shows a basic misunderstanding of the nature and requirements of the legal claims.

1

4.    If any of these causes belong in any Federal court, it is in the Central District of California, where the majority of the defendants, witnesses and evidence in this matter are located.  None of the defendants named in the Complaint, none   There are, thus, a number of grounds for dismissal of the entire matter as well as alternative grounds for transfer of the matter to the Central District of California.

5.    Finally, what is very worst in the Complaint is Plaintiffs' vague, shadowy and conclusory allegations against Defendants concerning an alleged violent attack on one of the Plaintiffs in the Republic of Kazakhstan.  These allegations should be struck from the Complaint as scandalous, immaterial and prejudicial innuendo.

## II.    <u>Statement of Facts Alleged in Complaint</u>

The factual allegations of the Complaint, such as they are, appear to center upon an agreement (of which the terms are woefully uncertain), or series of separate agreements or an agreement and amendments or novations thereof.  (Complaint, ¶¶ 28-53.)  Plaintiffs Bektayev and KEC, a Kazakhstan corporation of which Bektayev is allegedly a director, allegedly agreed that a third party, Aral Petroleum (not a party to this action) would transfer its fifty-one percent share of a nonparty Kazakhstan corporation called "Turan Enerpetroleum TOO (hereinafter, "TEP") to Defendant Turan.  (Complaint, ¶ 33.)  How, or if, Bektayev and/or KEC had authority to enter an agreement binding Aral, KEC's alleged joint venture partner, is unclear.  (Complaint, ¶¶ 28 & 33.)

Aral allegedly transferred to KEC a fifty-one percent share of TEP, which was effectively a fifty-one percent share of "the Concession," a potentially valuable right to explore and develop oil and gas in an area of Kazakhstan, according to the allegations.  (Complaint, ¶¶ 25, 34.)  Apparently, Aral's transfer created some sort of right in KEC to "remuneration," though it is not

clear why. (Complaint, ¶¶ 34-35.) Vanetik and Bektayev then, allegedly, entered a "second agreement," which may or may not have replaced the vaguely alleged first agreement, under which Bektayev/KEC was to receive compensation in the form of approximately 26 million shares of Turan, the bulk of which were to be held by another company, Defendant Trek Resources, Inc. (hereinafter, "Trek"), that Bektayev would apparently control. (Complaint, ¶¶ 36-37.) Vanetik then allegedly agreed that KEC would transfer the remaining forty-nine percent of TEP (though the Complaint omits to mention to what the "49%" refers) to Turan. (Complaint, ¶¶ 43-44.)

Plaintiffs seem to allege that Vanetik failed to deliver actual ownership of Trek to Bektayev, instead delivering an invalid share certificate representing less than one percent of Trek. (Complaint, ¶¶ 46-49.)

The remaining allegations of the Complaint render this ambiguous picture still more ambiguous, making it unclear what the terms of any alleged agreement or agreements might finally have been, who the parties to any such alleged agreements might have been, whether the agreements have been modified, cancelled, replaced or performed. (Complaint, ¶¶ 50-57.) The resulting morass of confusing, contradictory, conclusory and irrelevant facts does not support a single one of the twelve counts alleged by Plaintiffs and does not indicate the possibility of liability against any of Defendants.

## III.    <u>This Court Has No Jurisdiction Over The Subject Matter</u>

6.    Defendants move for dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(1), as this honorable Court lacks subject matter jurisdiction over this matter.

7.    Plaintiffs do not invoke diversity jurisdiction in the Complaint. (See Complaint, ¶ 20.) (Plaintiffs do not cite 28 U.S.C. § 1332.) There is no such diversity, whether citizenship or

alienage diversity, in this matter under the facts as alleged by Plaintiff or under the facts as presented in the Declarations hereto.  (See Complaint, ¶¶ 2-18; Kar. Dec., ¶ 8; Koi. Dec., ¶ 3; Strig. Dec., ¶ 3; Vol. Dec., ¶ 6.)  Under both scenarios, there is no alienage jurisdiction (because there are aliens on each side) and no diversity jurisdiction (because none of the Plaintiffs are U.S. citizens).  28 U.S.C. § 1332(a); *See Faysound, Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989).

8.    Plaintiffs base their subject matter jurisdiction allegation solely on the presence of their Federal claims, alleged violations of the RICO statute and Federal securities laws.[1]  (See Complaint, ¶¶ 19-20.)  However, as shown below, these claims are "wholly insubstantial and frivolous," and made solely for the purpose of obtaining Federal jurisdiction.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 [118 S.Ct. 1003] (1998).  In such a case, the district court should dismiss the entire matter for lack of subject matter jurisdiction.  *Id.*

9.    Even should this honorable Court find that the RICO and securities law claims are not "wholly insubstantial," the Court should dismiss these causes of action for failure to state a claim, as argued below.  (See below, ¶¶ 73-110.)  F.R.C.P. 12(b)(6).  Further, this honorable Court should, upon dismissing the Federal claims for failure to state a claim, exercise its discretion to dismiss the remaining state law claims.  28 U.S.C. § 1367.

**IV.    This Court Has No Personal Jurisdiction Over Defendants**

10.    Defendants move for dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(2), or in the alternative, transfer under 28 U.S.C. § 1631, as this honorable Court lacks personal jurisdiction over Defendants herein and all other defendants in this matter.

---

[1]  Plaintiffs' tenth count, for declaratory relief, does not provide an independent basis for Federal subject matter jurisdiction.  28 U.S.C. §2201; *Internat'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980).

### A.    This Court Has No General Personal Jurisdiction Over Defendants

11.    This honorable court has no general basis for personal jurisdiction over any of the defendants in this matter, including Defendants herein.

12.    The Court of Appeals for the District of Columbia Circuit has held that, under the Due Process Clause of the Fifth Amendment of the United States Constitution, general jurisdiction is only permissible if the defendant's contacts with the form are "'continuous and systematic'." *FC Investment Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1091-1092 (D.C. Cir. 2008) (quoting *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 510 (D.C. Cir. 2002) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 [104 S.Ct. 1868] (1984))).

13.    The long-arm statutes of the District of Columbia, D.C. Code § 13-334(a) (as to foreign corporations) and § 13-423(a) (as to claims for relief arising from contacts with the District of Columbia), are coextensive with and limited by the jurisdictional implications of the Due Process Clause. *FC Investment, supra*, at 1091-1092, 1094-1095.

14.    The Due Process standard of "continuous and systematic" contacts cannot possibly be met in this case where none of the defendants in this matter, including Defendants herein, have any contacts with the District of Columbia.  (Complaint, ¶¶ 9-18; Kar. Dec., ¶¶ 5-8, Koi. Dec., ¶ 3; Strig. Dec., ¶ 3; Vol. Dec., ¶¶ 3-6.)  The only contact by any of the defendants in this matter alleged in the Complaint is a minor filing with the SEC, which is immaterial to the allegations of the Complaint.  (Complaint, ¶ 20; See below, ¶¶ 88-110.)

### B.    This Court Has No Personal Jurisdiction over Defendants and Is Not the Proper Venue under the RICO Statute

15.    Plaintiffs cite portions of the RICO statute, 18 U.S.C. §§ 1962, 1964 and 1965, as a basis for jurisdiction over the "subject matter."  (Complaint, ¶ 19.)  If the RICO claims in the

Complaint were colorable claims, which they are not, they might provide a basis for Federal question subject matter jurisdiction. (See below, ¶¶ 73-87.) However, even if the RICO claims were colorable claims, they would <u>not</u> provide a basis for personal jurisdiction over any of the Defendants herein or venue over this matter.[2]

16.    The Court of Appeals for the District of Columbia Circuit has recently held, "'[A] civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant.'" *FC Investment Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1099 (D.C. Cir. 2008) (quoting and adopting the rule and reasoning of the Second Circuit in *PT United Can Co. Ltd. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71-12 (2d Cir. 1998); citing 28 U.S.C. § 1965).

17.    As shown above, there is no personal jurisdiction based on minimum contacts as to any of the defendants in this matter in the District of Columbia. (See above, ¶¶ 11-14.) Thus, the RICO statute cannot provide a basis for personal jurisdiction over any of the defendants in this matter, including Defendants herein.

18.    Further, it is clear that Plaintiffs have pled wholly immaterial and insubstantial RICO violations as a specious basis for Federal question subject matter jurisdiction, special personal jurisdiction and special venue in the District of Columbia where no valid basis for any of these exists. (See below, ¶¶ 73-110.) Where a claim providing for nationwide service of process is added to a complaint for the purpose of gaining a special jurisdictional advantage and the claim is "wholly immaterial" or "insubstantial," the plaintiff should not be allowed to avail

---

[2]  The RICO "venue" statute, 18 U.S.C. § 1965, provides a potential basis for personal jurisdiction, venue and service of process in proper RICO cases. So, in considering special personal jurisdiction here, one also considers special venue.

himself of the jurisdictional advantage. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A*, 119 F.3d 935, 942 (11th Cir. 1997).

19.    In addition, where special venue is improper as to a Federal claim, pendent venue is not available for the Federal claim even if venue is proper as to related state law claims (which it is not in this matter, see below, ¶¶ 34-52). *Sadighi v. Daghighfekr*, 36 F.Supp.2d 267, 277-278 (D. S.C. 1999) (holding that general venue over state law claims does not confer venue otherwise unavailable as to related RICO claim).

20.    Finally, the individual Defendants herein have not been properly served with summonses, so there is no service of process establishing RICO's nationwide jurisdiction over the individual Defendants herein.  (See below, ¶¶ 69-72.)  *See Doe v. Unocal Corp*, 27 F.Supp.2d 1174, 1183 (C.D. Cal. 1998).

### C.    This Court Has No Personal Jurisdiction over Defendants and is Not the Proper Venue under Federal Securities Laws

21.    Plaintiffs cite the following sections of the Federal securities laws as providing a basis for personal jurisdiction/venue in the District of Columbia:  15 U.S.C. §§ 77v, 77z-1, 78i, 78aa.[3]  (Complaint, ¶¶ 20-21.)

22.    15 U.S.C. §§ 77v provides for personal jurisdiction and venue in a district where "the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein . . .."  15 U.S.C. § 77v(a).

---

[3]    Some of the cited sections have nothing to do with personal jurisdiction or venue in this matter.  See 15 U.S.C. § 77z-1 (applicable to "Private class actions" only); 15 U.S.C. § 78i (providing no basis for personal jurisdiction or venue in any particular district court(s), instead allowing for suit in "any court of competent jurisdiction" (subsection (e)).

23.     15 U.S.C. §§ 78aa provides for personal jurisdiction and venue in a district where "any act or transaction constituting the violation occurred . . . or in the district wherein the defendant is found or is an inhabitant or transacts business . . .."  15 U.S.C. § 78aa.

24.     None of the more general provisions of these sections provides for personal jurisdiction (or venue) in this matter.  As shown above, none of the Defendants herein were served in the District of Columbia and none of the defendants in the matter are otherwise "found" there.  (Kar. Dec., ¶¶ 2, 5-8, Koi. Dec., ¶¶ 2-3; Strig. Dec., ¶¶ 2-3; Vol. Dec., ¶¶ 2-6)  Not one of the defendants in this matter is an "inhabitant or transacts business" in the District of Columbia.  (Complaint, ¶¶ 9-18; Kar. Dec., ¶¶ 5-8, Koi. Dec., ¶ 3; Strig. Dec., ¶ 3; Vol. Dec., ¶¶ 3-6)

25.     The only provisions of these sections that could conceivably apply to this matter are those allowing for jurisdiction where "the offer or sale took place" or "any act or transaction constituting the violation occurred."  15 U.S.C. §§ 77v(a), 78aa.

26.     The District Court for the District of Columbia has held that, to establish transaction-specific venue under Sections 77v and/or 78aa, the plaintiff must show that "the act on which venue is predicated is an integral part of or of material importance to the alleged violation."  *Hodgdon v. Needham-Skyles Oil Co.*, 556 F.Supp. 75, 78 (D.C. D.C. 1982) (citing *Jacobs v. Tenney*, 316 F.Supp. 151 (D. Del. 1970)).  The Court went on to hold that, where "all of the alleged misrepresentations concerning the property were made in California, the act of recording [(a deed)] in the District of Columbia was immaterial to the scheme and is insufficient for purposes of establishing venue . . .."  *Id.*

27.     As per the allegations of the Complaint, the matter-specific jurisdiction/venue provisions do not apply to this matter because none of the alleged "act[s] or transaction[s]" or

"offer[s] or sale[s]" took place in the District of Columbia. (Complaint, ¶¶ 24-59 (no locations

of any meetings or communications given) ¶ 60 (meeting in Los Angeles County, California), ¶

62 (Turan CEO travels to Kazakhstan), ¶ 66 (lawsuit in Kazakhstan), ¶ 67 (lawsuit in Central

District of California), ¶ 68 (lawsuit in Kazakhstan), ¶ 86-90 (meeting in Orange County,

California).)

28.    Plaintiffs attempt to establish federal jurisdiction by making a casual reference in

the Complaint to a Notice of Sale of Securities filing under Regulation D (hereinafter, the

"Notice"). (Complaint, ¶ 32.) However, the securities laws allegations in the second count do

not materially relate to any of the alleged misconduct. (See below, ¶¶ 88-110.) In fact, the

Notice is not mentioned at all in the second count. (Complaint, ¶¶ 103-110.) Thus, Plaintiffs

cannot rely on this Notice as a basis for personal jurisdiction or venue in the District of Columbia

because the Notice does not form the basis for any securities law claims and is merely a

background fact.

29.    Further, it is clear that Plaintiffs have pled wholly immaterial and insubstantial

Federal securities law claims as a specious basis for subject matter jurisdiction, personal

jurisdiction and venue in the District of Columbia where no valid basis for any of these exists.

(See below, ¶¶ 88-110.) Where a claim providing for nationwide service of process is added to a

Complaint for the purpose of gaining a jurisdictional advantage and the claim is "wholly

immaterial" or "insubstantial," the plaintiff should not be allowed to avail himself of the

jurisdictional advantage. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A*, 119

F.3d 935, 942 (11th Cir. 1997).

**D.    This Court Has No Personal Jurisdiction Over the Alleged Alien Defendants Under Federal Rule of Civil Procedure 4(k)(2)**

30.    Federal Rule of Civil Procedure 4(k)(2) allows for personal jurisdiction over foreign defendants who have contacts with the nation as a whole for claims arising under Federal law. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).  However, the Rule applies only where a foreign defendant "is not subject to jurisdiction in any state's courts of general jurisdiction," (i.e., has no contacts with any particular state).  F.R.C.P., Rule 4(k)(2).

31.    This Rule clearly would not apply to this matter, however, where, even as per the allegations of the Complaint, all of the alleged alien defendants in this matter have clear and significant contacts with the state of California.  (Complaint, ¶¶ 13-18.)

**E.    Defendants Request Dismissal or Transfer for Want of Jurisdiction**

32.    Thus, the District of Columbia is an improper venue for this matter, and this honorable Court cannot have special or general personal jurisdiction over Defendants herein or any of the other defendants in this matter.  Defendants request that the entire matter be dismissed for lack of personal jurisdiction, as per Federal Rule of Civil Procedure, Rule 12 (b)(2).

33.    In the alternative, Defendants request that the entire matter be transferred to the Central District of California for "want of jurisdiction" in the District of Columbia, under 28 U.S.C. § 1631.  The Central District of California is the district in which this action should have been properly brought (assuming this honorable Court finds that the Federal courts have subject matter jurisdiction over the matter).  (See below, ¶¶ 54-61.)

**V.    <u>Venue Is Improper In The District Of Columbia</u>**

34.    Defendants move for dismissal of the Complaint, under Federal Rule of Civil Procedure 12(b)(3), as this honorable Court is an improper venue for this matter.  In the

alternative, Defendants move for transfer of this matter to the Central District of California, under either 28 U.S.C. § 1404(a) or § 1406(a).

35.    Venue is improper in the District of Columbia as Plaintiffs' facts as alleged are not sufficient to invoke special venue under the RICO statute or the Federal securities laws (see above, ¶¶ 15-29), and, given the allegations of the Complaint and the facts presented by Defendants in their declarations submitted herewith, there is no basis for general venue in this district.

36.    The general rule is that a plaintiff must establish venue independently as to each separate cause of action in the complaint. *Beattie v. United States*, 756 F.2d 91, 100 (D.C. Cir. 1984), abrogated on other grounds by *Smith v. U.S.,* 507 U.S. 197 [113 S.Ct. 1178] (1993). Otherwise, the complaint is subject to a motion to dismiss for improper venue. *Id*.

### A.    Venue is Improper Under the General Venue Statute for Federal Question Cases – 28 U.S.C. § 1391(b)

37.    Plaintiff cites 28 U.S.C. § 1391(b) as a basis for venue in the District of Columbia.  (See Complaint, ¶23.)  This statute provides a general basis for venue in actions "not founded solely on diversity of citizenship."  28 U.S.C. § 1391(b).  If this honorable Court finds that Plaintiffs' Federal causes of action, for RICO and Federal securities violations, are wholly immaterial or insubstantial claims alleged solely to gain a basis for subject matter jurisdiction and/or personal jurisdiction, then Plaintiffs may not rely on this statute.  (See below, ¶¶ 73-110.) *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 [118 S.Ct. 1003] (1998). However, assuming, arguendo, that Plaintiffs may invoke this statute, the allegations of the Complaint and the facts presented in Defendants' declarations lead to the conclusion that venue is improper under the statute.

38.    28 U.S.C. § 1391(b) provides three alternatives for establishing venue:

(1) a judicial district where any defendant resides, if all defendants reside in the same State,
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or
(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.[4]

     **(i)**     **The First Alternative, Residence, is Either Not a Possibility in this Case or Indicates the Central District of California as the Proper Venue**

39.    As for the first alternative test, residence, it cannot be met given the defendants in this case, even accepting the facts as alleged by the Plaintiffs.  Plaintiffs allege that Defendant IBAR Ventures LLC is organized under the laws of Delaware, with a registered agent in Delaware, engaging in business "in the U.S. and internationally."  (See Complaint, ¶ 12.) Plaintiffs do not allege residence or even any contacts between any of the other Defendants and Delaware.  (See Complaint, ¶¶ 9-11, 13-18.)  Thus, it is not true, even as per the allegations of the Complaint, that "all defendants reside in the same State."  28 U.S.C. § 1391(b)(1).

40.    Two of the corporate Defendants represented in these Motions, Defendants Turan Petroleum, Inc. and IBAR Development LLC, are residents of California.  (See Complaint, ¶¶ 9 & 11; (Kar. Dec., ¶¶ 3-4, 6; Vol. Dec., ¶¶ 3-4.)  Of the three corporate Defendants represented herein, only IBAR Ventures LLC is not clearly a resident of California.[5]

41.    For purposes of venue under 28 U.S.C. § 1391, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at

---

[4]  28 U.S.C. § 1391(b).

[5]  Plaintiffs allege, in a conclusory fashion, that Ibar Ventures LLC shared, with Ibar Developments LLC and Turan, the Costa Mesa, Orange County, California office, and "commingled its assets with Turan".  (See Complaint, ¶¶ 86 & 96(c)&(d).)  The shared office allegation also supports venue in the Central District of California.

the time the action is commenced." 28 U.S.C. § 1391(c). Defendant Turan Petroleum, Inc., has

minimum contacts with the Central District of California, and is subject to general personal

jurisdiction in California. (See below, ¶¶ 58; Kar. Dec., ¶¶ 3-4; Vol. Dec., ¶¶ 3-4.) The same is

true for IBAR Development LLC. (See below, ¶¶ 58; Kar. Dec., ¶ 6.)

      42.     If, in the alternative to the above analysis, the Court finds that IBAR

Developments LLC and IBAR Ventures LLC are mere "nominal" or "sham" defendants (as it

does not appear from the Complaint that they had any significant role in the events alleged) the

Court could disregard them for the purpose of determining whether "all defendants" reside in the

same district. *Messinger v. United Canso Oil & Gas, Ltd.*, 80 F.R.D. 730, 733-734 (D. Ct.

1978). Indeed, the IBAR entities are sham or nominal defendants as the Complaint does not

plead with particularity any substantive allegations with regard to them. In that event, it is clear

that at least one defendant resides in the Central District of California, and venue is proper there.

(See Complaint, ¶¶ 9, 10, 13-18 ("Los Angeles area" and Costa Mesa, Orange County,

California); Kar. Dec., ¶¶ 5-8, Koi. Dec., ¶¶ 3; Strig. Dec., ¶¶ 3; Vol. Dec., ¶¶ 3-6.)

      43.     According to the allegations of the Complaint, all of the individual defendants,

including Defendants herein, are aliens, and thus, their residence is not considered under this

statute. [6] (See Complaint, ¶¶ 13-18.) In fact, two of the individual Defendants herein,

Defendants Naum Voloshin and Alex Striganov, are U.S. citizens and residents of the Central

District of California. (Strig. Dec., ¶ 3; Vol. Dec., ¶ 6.) Thus, both the allegations of the

Complaint and the facts as shown in the Declarations hereto indicate the Central District of

California as the proper venue, not the District of Columbia.

---

[6] The residence of aliens joined with nonaliens is disregarded under the residence analysis of 28
U.S.C. § 1391(b)(1). *Mowrey v. Johnson & Johnson*, 524 F.Supp. 771, 774 (W.D. Pa. 1981).

**(ii)    The Second Alternative, Substantial Events or Property, Does Not Provide Venue in the District of Columbia but in the Central District of California**

44.    The second alternative test, allowing for venue in a district in which a substantial part of the events or omissions took place or where a substantial part of the property is located, does not support venue in the District of Columbia, but instead, in the Central District of California.[7] 28 U.S.C. § 1391(b)(2).

45.    What constitutes a "substantial part" of the events or omissions is determined by "assessment of their ramifications for efficient conduct of the suit . . .." *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001).

46.    The only event alleged by Plaintiffs to have taken place in the District of Columbia is the filing of a Notice of Sale of Securities with the SEC.  (See Complaint, ¶ 20.) This allegation is irrelevant and immaterial to the allegations of the Complaint.  (See above, ¶¶ 28-29.)  An immaterial filing cannot qualify as a "substantial part of the events or omissions giving rise to the claim."  28 U.S.C. § 1391(b)(2).  Locating the trial of this matter in the District of Columbia based on the filing of a single document will hamper "efficient conduct of the suit," especially where the defendants, witnesses and the books and records of the Defendant corporations are located entirely in the Central District of California.  (See below, ¶¶ 62-66.)

**(iii)    The Third Alternative, The District in Which Any Defendant May be Found, Would Not Provide Venue in the District of Columbia but in California**

47.    The third alternative venue under the statute, "a judicial district in which any defendant may be found" cannot apply in this matter because it applies only "if there is no

---

[7] Where, as here, there is no real property at stake in the litigation, the "substantial part of property" prong of this test would not seem to apply.

district in which the action may otherwise be brought."  28 U.S.C. § 1391(b)(3).  As shown

above, this action may clearly be brought in the Central District of California, under 28 U.S.C. §

1391(b)(2), and possibly under (b)(1).

48.    However, even if that were not so, this third alternative venue analysis also

indicates the Central District of California as the proper venue and absolutely rules out the

District of Columbia.  As per the allegations of the Complaint and the facts as provided in the

Declarations submitted herewith, none of the Defendants herein has been served in the District of

Columbia, and none of the defendants in this matter have any contacts with the District of

Columbia or any presence in the District of Columbia.  (Complaint ¶¶ 9-18; Kar. Dec., ¶¶ 2, 5-8,

Koi. Dec., ¶¶ 2-3; Strig. Dec., ¶¶ 2-3; Vol. Dec., ¶¶ 2-6.)  There is no basis for "finding" any of

the defendants in this matter in the District of Columbia.  As per the allegations of the

Complaint, however, all of the defendants in this matter can be "found" in the Central District of

California.  (Complaint ¶¶ 9-18, 86 & 96(c)-(d).)[8]  Thus, under 28 U.S.C. § 1391(b)(2) and

(b)(3), venue is clearly proper in the Central District of California.  Venue is improper in the

District of Columbia under all three alternatives of 28 U.S.C. § 1391(b).

**B.    Venue is Improper Under the Alien Venue Statute – 28 U.S.C. § 1391(d)**

49.    Plaintiffs cite 28 U.S.C. § 1391(d) as a basis for venue in the District of Columbia

because, according to the section, "An alien may be sued in any district."  28 U.S.C. § 1391(d).

50.    However, 28 U.S.C. § 1391(d) does not control when an alien and non-alien are

codefendants.  *In re Triton Ltd. Secur. Litig.,* 70 F. Supp.2d 678, 683 (E.D. Tx. 1999).  In such

cases, venue is proper in any district where it is correct as to the non-alien defendant, as per the

general or special venue statutes.  *Id.*

---

[8]  Defendant Timur Koichumanov actually "resides" in the Republic of Kazakhstan.  (Koi. Dec.,
¶ 3.)  However, as an alien, his residency is disregarded.  28 U.S.C. § 1391(d).

51.     Even as per the allegations of the Complaint, there are non-alien corporate codefendants, Defendants Turan Petroleum, Inc., IBAR Development LLC and IBAR Ventures LLC, among the Defendants herein.  (Complaint ¶¶ 9, 11-12.)  Further, though the Complaint alleges all of the individual Defendants herein are aliens, Defendants Naum Voloshin and Alex Striganov are actually U.S. citizens.  (Strig. Dec., ¶ 3; Vol. Dec., ¶ 6.)

52.     Thus, 28 U.S.C. § 1391(d) does not provide Plaintiffs a free pass to any judicial district in the nation.

**C.     Defendants Request Dismissal or Transfer to the Central District of California for Improper Venue, as per 28 U.S.C. § 1406(a)**

53.     "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

54.     As shown above, venue is clearly improper in the District of Columbia.  The proper venue for this matter is the Central District of California.

55.     To allow a transfer, the transferee court must have proper subject matter jurisdiction, venue, personal jurisdiction over the defendant(s), and the defendant(s) must be amenable to service of process therein.  *Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777, 780 (9th Cir. 1950) (interpreting similar language in the convenience transfer statute, 28 U.S.C. § 1404(a)).

56.     As for subject matter jurisdiction, if this honorable Court finds that Federal question jurisdiction is proper over the RICO and securities law claims (and supplemental jurisdiction over the common law claims) in the District of Columbia, it is equally proper in the Central District of California.  (See above, ¶¶ 6-9; 28 U.S.C. § 1331.)

57.    As for venue, the Central District of California clearly has proper venue over the action under either 28 U.S.C. § 1391(b)(2) or (b)(3) (and possibly, (b)(1)).  (See above, ¶¶ 37-48.)

58.    The Central District of California also has personal jurisdiction over all of the defendants in this matter.  Corporate Defendants Turan and IBAR Dev. are entities with their principal places of business in Orange County, California (within the Central District).  (Complaint, ¶¶ 9, 11; Kar. Dec., ¶¶ 3-4, 6-7, Vol. Dec., ¶¶ 3-4..)  Individual Defendants Karabayev, Voloshin and Striganov have their permanent residences/domiciles in the Central District of California (either Los Angeles County or Orange County).[9]  (Complaint, ¶¶ 13-16; Kar. Dec., ¶ 8; Strig. Dec., ¶ 3; Vol. Dec., ¶ 6..)  *See Burnham v. Superior Court*, 495 U.S. 604, 621 [110 S.Ct. 2105] (1990).)  For these reasons, these Defendants would also be amenable to service of process in California.

59.    The defendants not represented in this motion, Anatoly Vanetik, Alexander Kushnerenko and Trek Resources, Inc., are all alleged by Plaintiffs to have a presence which would constitute "minimum contacts" in the Central District of California (either in Los Angeles County or Orange County).  (Complaint, ¶¶ 10, 14 and 17.)  It appears those defendants would also be amenable to service in California.  (Complaint, ¶¶ 10, 14 and 17.)

60.    As for Defendant IBAR Ventures LLC, the Central District of California could have asserted personal jurisdiction over this entity if process had been properly served on its registered agent for service of process in Orange County, California.  (See Karabayev Declaration, ¶ 7.)  "Appointment of a registered agent for service . . . is a traditionally recognized

---

[9]  Defendant Timur Koichumanov actually resides in the Republic of Kazakhstan but has contacts with the Central District of California as a Director of Turan Petroleum, Inc.  Mr. Kochumanov has no contacts with the District of Columbia.  (Koi. Dec., ¶ 3.)

and well-accepted species of general consent . . .." *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990). Further, Plaintiffs' allegations concerning this entity sharing the Costa Mesa, Orange County, California office with Defendants Turan Petroleum, Inc., and IBAR Developments, LLC, may constitute sufficient contacts with the Central District of California. (Complaint, ¶¶ 86, 96(c)-(d).)

61.    Thus, as to all defendants in this action, transfer to the Central District of California is proper. Defendants herein request transfer of the entire matter to the Central District of California as it is "in the interest of justice" to do so, as per 28 U.S.C. § 1406(a).[10] If this honorable Court finds that, for some reason, venue or jurisdiction is also improper in the Central District of California, Defendants request dismissal of the matter in the District of Columbia because it is so clearly an improper venue.[11] 28 U.S.C. § 1406(a).

### D.    Defendants Request Transfer to the Central District of California for Convenience and in the Interest of Justice, as per 28 U.S.C. 1404(a)

62.    Even should this honorable Court find that venue is proper in the District of Columbia, the Court may, and should, transfer the action to the Central District of California "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. 1404(a).

63.    As shown in detail in the Declarations submitted herewith, key witnesses reside in Orange County, within the Central District of California (and counties neighboring the Central District). (Kar. Dec., ¶¶ 9-10; Strig. Dec., ¶¶ 4-5; Vol. Dec., ¶¶ 7-8..) None of the key witnesses

---

[10]  This honorable Court may transfer the entire action even where the Court has no personal jurisdiction over the Defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-467 [82 S.Ct. 913] (1962). The Court may also transfer the entire action though the individual Defendants herein do not appear to have been properly served. *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1105 (5th Cir. 1981).

[11]  Dismissal may be appropriate in this case where Plaintiffs' Federal claims are so weak and constitute an improper basis for special personal jurisdiction in the District of Columbia or subject matter jurisdiction in any Federal court. *See Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976).

of which the Defendants herein are aware reside in or have any presence in the District of Columbia. (Kar. Dec., ¶¶ 9-10; Strig. Dec., ¶¶ 4-5; Vol. Dec., ¶¶ 7-8..)

64.    Plaintiffs do not allege that any parties or witnesses reside or have any presence in the District of Columbia. (Complaint, ¶¶ 24-91.) Instead, Plaintiffs allege the residence of Plaintiffs in Kazakhstan and, for all individual defendants, in the Central District of California. (Complaint, ¶¶ 2-18 ("Los Angeles area").)

65.    The witnesses and parties located in California would have to travel a great distance to attend trial in the District of Columbia. *See In re Volkswagen of America, AG*, 371 F.3d 201, 204-205 (5th Cir. 2004) (holding, "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled"). Perhaps more importantly, witnesses located in California would not be subject to subpoena to appear at trial in the District of California. *See Reed v. Fina Oil & Chem.. Co.*, 995 F.Supp. 705, 714 (E.D. Tx. 1998).

66.    In addition, the corporate books and records of Defendant Turan Petroleum, Inc., which are clearly relevant given the allegations of the Complaint, are located in Orange County, California. ((Kar. Dec., ¶ 10(c); Strig. Dec., ¶ 5(c); Vol. Dec., ¶ 8(c).)) Thus, the consideration of "relative ease and practicality" of trying the case in a particular venue weighs heavily in favor of the Central District of California. *Van Dusen v. Barrack*, 376 U.S. 612, 643 [84 S.Ct. 805] (1964).

67.    Finally, Plaintiffs' choice of venue in the District of Columbia should be given little or no deference for two reasons. First, according to the Complaint, none of the Plaintiffs are residents of the District of Columbia. *See New Image, Inc. v. Travelers Indem. Co.*, 536

F.Supp. 58, 59 (E.D. Pa. 1981).  Second, as described above (see ¶¶ 14, 25-28), the District of Columbia clearly lacks any significant contact with the activities alleged in the complaint.  *See Schmidt v. American Institute of Physics*, 322 F.Supp.2d 28, 33 (D. D.C. 2004).

68.    Thus, it is in the interest of justice and convenience of parties and witnesses to transfer this matter to the Central District of California.  28 U.S.C. 1404(a).

## VI.    The Individual Defendants Have Not Been Properly Served

69.    Defendants move for dismissal of the Complaint as to the individual Defendants herein under Federal Rule of Civil Procedure 12(b)(5) based upon insufficient service of process.  F.R.C.P., Rule 12(b)(5).

70.    It is Plaintiffs' burden to prove that service of process is adequate.  *Aetna Busines Credit, Inc. v. Universal Décor & Interior Design, Inc.* 635 F.2d 434, 435 (5th Cir. 1981).

71.    None of the individual Defendants herein were served directly with a summons or the Complaint in this matter.  (Kar. Dec., ¶ 2; Koi. Dec. ¶ 2,  Strig. Dec., ¶ 2; Vol. Dec., ¶ 2.)

72.    Plaintiffs have not provided proofs of service to Defendants herein (despite Defendants' request), so it is unclear on which service of process law(s) they are relying.  However, Plaintiffs cite particular Federal statutes in their Complaint allowing for nationwide service of process.  (Complaint, ¶¶ 19-23.)  Even if application of these particular statutes were valid (which it is not, see above, ¶¶ 15-29), the nationwide service of process, and potential special personal jurisdiction arising therefrom, is not valid if service is improper.  *See Doe v. Unocal Corp*, 27 F.Supp.2d 1174, 1183 (C.D. Cal. 1998) (requiring proper service under the RICO statute to effect RICO jurisdiction provisions).

**VII.    Plaintiffs' Cause Of Action For Violations Of The RICO Statute Fails To State A Claim Upon Which Relief Can Be Granted**

73.    Defendants move this honorable Court to dismiss Plaintiff's first count for alleged violations of the Racketeer Influenced and Corrupt Organization Act (RICO) on the grounds that this cause of action fails to state a claim upon which relief can be granted.[12]  F.R.C.P. 12(b)(6).

74.    Dismissal under Rule 12(b)( 6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,699 (9th Cir. 1988).

75.    The United States Supreme Court has recently emphasized that a plaintiff's pleading obligation requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements. . .. Factual allegations must be enough to raise a right to relief above the speculative level. . ." *Bell Atlantic Corp. v. Twombley*, -- U.S. --, [127 S.Ct. 1955] (2007) (abrogating *Conley v. Gibson*, 359 U.S. 41, 45-49, [78 S.Ct. 99] (1957)).

**A.    Plaintiffs Have Failed to Satisfy the Applicable Heightened Pleading Standard**

76.    "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Marine Point Dev. Ass'n v. United States*, 364 F. Supp. 2d 1144, 1148 n.3 (C.D. Cal. 2005) (quoting *Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992)).

---

[12]   With regard to the motions to dismiss the RICO and the Federal securities laws claims, Defendants cite authority from the D.C. Circuit and the Ninth Circuit, in light of Defendants' requests for transfer of the case to the Central District of California. *See Newton v.Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994) (holding that the transferee court will apply its circuit's interpretation of Federal law).

77.     Claims sounding in fraud are, in addition, subject to Federal Rule of Civil Procedure 9(b), which requires that "the circumstances constituting the fraud be stated with particularity."

78.     "Allegations of fraud under section 1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme." *Moore v. Kayport Package Express, Inc.*, 885 F.2d531, 541 (9th Cir. 1989) (dismissing complaint which failed to identify "role of the individual defendants in the alleged fraudulent scheme").  "In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation."  *S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 [105 S. Ct. 3275] (1985).  That is, the racketeering activity must have been the proximate cause of plaintiff's injury.  *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, [126 S.Ct. 1991] (2006).

79.     Plaintiffs have not alleged the details of any purported misrepresentations as required under Rule 9(b). Plaintiffs have not identified the particular statements alleged to be false or misleading, have not alleged why any of these statements are misleading, and have not specifically alleged who made the alleged statements, except for the alleged misrepresentations by Defendant Anatoly Vanetik.  (Complaint, ¶¶ 29-47.)  For these reasons alone, Plaintiffs' RICO claim should be dismissed.

80.     Plaintiffs have also failed to provide particular facts with respect to any alleged wire or bank fraud, merely asserting in a wholly conclusory manner that "Defendants' actions with regard to Plaintiffs" violated these statutes. (Complaint, ¶ 98.)  With respect to its claim of wire fraud, Plaintiffs have not identified any use of the interstate wires as part of any purported scheme, merely an alleged promise to transfer money by wire.  (Complaint, ¶ 71.)  It is also

unclear to what acts Plaintiffs refer, which Defendants committed them, and when, with regard to Plaintiffs' claims of "mail fraud."

**B.    Plaintiffs Cannot Transform a Few Isolated Acts Of Purported Fraud by an Individual Defendant Into A Pattern Of Racketeering Activity by all Defendants**

81.    Congress did not intend RICO to apply to isolated acts of fraud or sporadic unlawful activity. *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F. 2d 1393, 1399 (9th Cir. 1986).  Rather, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Turner v. Cook*, 362 F. 3d 12 19, 1228 (9th Cir. 2004).

82.    Plaintiffs here have merely alleged a breach of contract and attendant false promises and misrepresentations by Defendant Anatoly Vanetik.[13]  (Complaint, ¶¶ 29-47.)

83.    The U.S. Supreme Court has ruled that "[e]stablishment of a pattern 'requires the showing of a relationship between the predicates and the threat of continuing activity." *Howard v. America Online*., 208 F.3d 741, 746 (9th Cir. 2000) (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229,239 (1989)).  A plaintiff must allege both "relatedness" and "continuity" to state a RICO claim.

84.    Plaintiffs here, however, have neither pled the requisite "relationship" nor the necessary continuity."  The only relationship Plaintiffs attempt to draw between the various Defendants is based on conclusory allegations of receipt of income by various Defendants from the "enterprise."  (Complaint, ¶ 96(a)-(j).)

---

[13]  Defendants do not here address Plaintiffs' scandalous, immaterial and unfounded allegations based on violent crimes and murder-for-hire, under 18 U.S.C. §§ 1958 & 1959, as Defendants join, below, a motion to strike all such matter from the Complaint.

85.     Further, there are no specific allegations that individual named Defendants knowingly received or transferred goods knowing those goods were obtained by fraud, neither is there identification of such goods.  28 U.S.C. §§ 2314, 2315.

86.     Finally, Plaintiffs conclusory allegations that unspecified Defendants violated 28 U.S.C. §§ 1956 and 1957, fail because Plaintiffs fail to allege the specific intent or knowledge of each Defendant to engage in the specified unlawful activity.

87.     Plaintiffs' RICO allegations are conclusory, nonsensical and unsupported by the more specific allegations of the Complaint.  By reason of the foregoing, Defendants request that this count be dismissed without leave to amend as the cause of action not only fails to adequately state a claim on which relief may be granted, but it is frivolous and wholly insubstantial.

## VIII.  <u>Plaintiffs' Cause Of Action For Violations Of Securities Law Fails To State A Claim Upon Which Relief Can Be Granted</u>

88.     Defendants move this honorable Court to dismiss Plaintiffs' second count for "Violation of Securities Law" on the grounds that this cause of action fails to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6).  Further, this cause of action fails to meet applicable pleading requirements for securities fraud and fraud generally.  15 U.S.C. § 78u-4(b)(1); F.R.C.P. 9(b).

### A.     Heightened Pleading Standards Apply to These Claims

89.     Count 2 of the Complaint alleges violations of various securities laws, including Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder.  15 U.S.C. § 78j(b); 17 C.F.R. § 24-10b-5.  In order to state a claim under these provisions, a plaintiff must allege, in connection with the purchase or sale of securities: (1) a misstatement or an omission (2) of material fact (3) made with scienter (4) on which plaintiff relied (5) that proximately caused the plaintiff's injury.  *Id.  See also*, *Stoneridge*

*Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, --- U.S. ----, ----, 128 S.Ct. 761, 768, 169 L.Ed.2d

627 (2008); *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 341-42, 125 S.Ct. 1627

(2005); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).

90.     Rule 8 of the Federal Rules of Civil Procedure provides that a Complaint should

contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

but Rule 9(b) also requires that "[i]n all averments of fraud or mistake, the circumstances

constituting fraud ... shall be stated with particularity." F.R.C.P. 9(b).

91.     Rule 9 requires more than "pleadings [based] on information and belief," but

rather "require[s] an allegation that the necessary information lies within the defendant's control"

and "such allegations must also be accompanied by a statement of the facts upon which the

allegations are based." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir.

1994).  Additionally, "[c]onclusory allegations that a defendant's actions were fraudulent and

deceptive are not sufficient to satisfy 9(b)." *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59,

73 (D.D.C. 2002).

92.     Additionally, under the heightened pleading standards of the Private Securities

Litigation Reform Act of 1995 ("PSLRA"), if a plaintiff alleges that a defendant "made an untrue

statement of a material fact" or "omitted to state a material fact necessary in order to make the

statements made, in the light of the circumstances in which they were made, not misleading,"

then "the complaint shall specify each statement alleged to have been misleading, the reason or

reasons why the statement is misleading, and, if an allegation regarding the statement or

omission is made on information and belief, the complaint shall state with particularity all facts

on which that belief is formed." Pub.L. No. 104-67, § 101(b), 109 Stat. 737, 747 (codified at 15

U.S.C. § 78u-4(b)(1) (2006)); *see also, Novak v. Kasaks*, 216 F.3d 300 (2d Cir.), cert. denied,

531 U.S. 1012, 121 S.Ct. 567, 148 L.Ed.2d 486 (2000) (for a detailed discussion of pre- and post-PSLRA pleading standards).

93.     PSLRA also requires that a plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u4(b)(2).  The Supreme Court has stated,  "[t]o determine whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court must consider plausible non-culpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 127 S.Ct. 2499, 2510, 168 L.Ed.2d 179, 2007 WL 1773208 (2007).  A complaint will survive a motion to dismiss "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs*, 127 S.Ct. at 2510; *In re Affiliated Computer Services Derivative Litigation*, 540 F.Supp.2d 695 (N.D.Tex.2007).  In addition, the Supreme Court's decision in *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42, 125 S.Ct. 1627 (2005) makes it clear that a plaintiff must also plead economic loss and "'loss causation,' i.e., a causal connection between the material misrepresentation and the loss." Id. at 1631.

### B.     The Complaint Does Not Meet Basic Notice Pleading Standards, Much Less the Heightened Pleading Standards for Securities Fraud

94.     Count 2 of the Complaint cites a string of eight different securities regulations in a single sentence, followed by a list of "prohibited activities" that purportedly form the basis for the violations of these regulations by all of Defendants.  (Complaint, ¶ 104a - g.)  The Complaint does not state which activities match up with which alleged rule violations and, instead, draws a blanket conclusion that multiple rule violations were committed by all of the Defendants.  (Id.)  Indeed, unreliable guesswork is required to figure out which facts are alleged to form the basis of the Rule 10b-5 violations, as opposed to the seven other regulations cited.

95.     For example, one "prohibited activity" is described in paragraph 104c of the Complaint as including, "Defendants' making misrepresentations to certain Plaintiffs about holding Turan through Trek and selling void securities to Bektayev and KEC, manipulating the market price of Turan common stock  trading as restricted securities, other manipulative schemes and devices."  (Complaint, ¶ 104.c.)  This so-called "prohibited activity" does not specify who said what to whom, when it was said or where it was said.  Additionally, it is not clear from this incomprehensible sentence whether one or more of the eight securities regulations cited has been violated and, if so, how the elements for each violation has been met.

96.     Another "prohibited activity" is described in paragraph 104a as including, "[s]uggesting to certain Plaintiffs to sell or transfer in brokered or non-brokered transactions, common stock that was restricted without lawfully complying with the Rules and Regulations of the S.E.C. and particularly with S.E.C. Rule 144."  As with the other alleged "prohibited" activities, this allegation does not specify who said what to whom, when it was said or where it was said.  Additionally, Rule 144 is a *safe harbor provision* for the securities registration provisions; *a person does not violate this rule*.  Consequently, there is no viable cause of action alleged with regard to this purported "prohibited activity."

97.     Paragraph 104e of the Complaint lists a "prohibited activity" as including, "Defendants' trading in securities while in possession of material, non-public information, and acting as insiders."  Assuming that this is an attempt to plead a Rule 10b-5 insider trading charge (which is not clear from the Complaint), this allegation is grossly deficient in its complete lack of specificity.  The Complaint does *not* identify (1) which transaction(s) are the subject of the alleged insider trading, (2) the person(s) who effected the trade(s), (3) the tippers and tippees, or (4) the material, non-public information at issue for a given trade(s).

98.     The other allegations in Count 2 are even more flawed in that they merely state erroneous legal conclusions, with no explanation whatsoever of the factual basis for the violations of each statute cited.  For example, paragraph 108 of the Complaint states, "Defendants' conduct further invokes causes of action under" *nine* different securities provisions, merely citing to a given United States Code section.  There is no explanation of the specific conduct at issue, the persons involved in the alleged violative activity, when and how the violations occurred, and any injury to the Plaintiffs (much less how the injury was caused by the alleged violative conduct).  Moreover, this paragraph again cites Rule 144 (which is not a rule that one violates *per se*).  Additionally, paragraph 108 alleges that Defendants violated 15 U.S.C. § 77i; however, this provision is a jurisdictional provision holding that every respondent in a Securities and Exchange Commission administrative proceeding has the option of appealing an adverse outcome to the D.C. Circuit.

99.     Another allegation that makes no sense can be found in paragraph 107 of the Complaint.  This paragraph includes a general assertion that all of the Defendants engaged in conduct prohibited by "the Private Securities Litigation Reform Act of 1995" (i.e., PSLRA).  This is not a "rule" that a private defendant violates.  Ironically, PSLRA was passed to combat abuses in the securities litigation process.  The PSLRA reform movement grew out of a congressional belief that frivolous strike suits alleging securities law violations were increasing the cost of raising capital and chilling corporate disclosures to investors.  H.R. Conf. Rep. No. 104-369 at 31 (1995).

100.    Yet another bizarre rule citation can be found in paragraph 108 of the Complaint, namely, 15 U.S.C, § 78m.  This regulation refers to Section 13 of the Exchange Act.  One can only speculate that Plaintiffs are referring to the Form 13D filing requirements contemplated by

this provision; however, this rule does not apply to Defendants because Turan's securities are not registered pursuant to section 12 of the Exchange Act. *See, e.g*., *Calvary Holdings, Inc*., et al., v. Chandler, 948 F.2d 59 (1st Cir. 1991).

101.    In any event, there are no factual allegations in the Complaint that even mention any alleged failure to file a Form 13D by any Defendant.

102.    To further confuse matters, the Complaint does not specify which Defendants are responsible for a given "prohibited activity" and which Plaintiffs were the alleged victims, much less what their roles were with regard to the activity in question.  (Id.)  All Defendants are vaguely alleged to have violated many different securities regulations based on broadly described activities that provide no or few specifics, falling far short of the PSLRA and Rule 9(b) pleading requirements.  Moreover, the scienter requirement must rest on something more than the defendants' positions with the company. *Abrams v. Baker Hughes, Inc*., 292 F.3d 424, 432 (5th Cir.2002).  It is well established "that a pleading of scienter may not rest on a bare inference that a defendant 'must have had knowledge of the facts.'" *In re Advanta*, 180 F.3d 525, 539 (3d Cir. 1999) (quoting *Greenstone v. Cambex Corp.*, 975 F.2d 22, 26 (1st Cir. 1992)).

103.    All of the Defendants, whether characterized as director defendants, officer defendants, insider selling defendants, employees or affiliated entities are accused of the same general conduct.  In fact, Count 2 does not even mention by name Defendants IBAR Development, IBAR Ventures, Karabayev, Koichmanov, Striganov, Voloshin.  (Complaint, ¶¶ 103 – 110.)  With regard to the section IV of the Complaint, entitled "Facts Common to All Counts, " just *two* paragraphs mention the IBAR entities by name.  (Complaint, ¶¶ 86 and 96.) One of the paragraphs claims that IBAR and Turan share the same office, hardly a basis for a securities law violation.  Additionally, there is a bald claim, "on information and belief," that

Turan's assets were transferred to IBAR.  However, the paragraph does not explain (and cannot explain) how or when this transfer occurred or the alleged amounts that were transferred.

104.    Similarly, Koichumanov and Striganov are named in just two paragraphs and Voloshin is named in just three paragraphs.  (Complaint, ¶¶ 62, 74, 86, 87 and 96.)  None of these paragraphs specify the basis for any of the securities laws cited.  While Karabayev is mentioned in a few more paragraphs (approximately 12), most of the paragraphs relate to ludicrous and sensational "cloak and dagger" allegations apparently included for shock value, as they certainly have no substance or relevance to any rule violation."  (Compl. ¶¶ 74, 84 – 90, 93, 96, 143 and 148.)  Moreover, most of the facts alleged in the Complaint occurred *before* certain of the individual defendants  (i.e., Karabayev, Koichmanov and Voloshin) are alleged to have become officers and/or directors of Turan.  (Complaint, ¶¶ 13, 15 – 16.)  With regard to Defendant Striganov, the Complaint vaguely states that, "he was Turan's employee," but gives no dates.  (Complaint, ¶ 18.)

105.    As described herein, the entire Complaint places the burden on the reader to sort out the statements and match them with the corresponding adverse facts to solve the "puzzle" of interpreting Plaintiffs' claims.  However, even when one attempts to solve the puzzle by going back to the paragraphs incorporated by reference into Count 2, it is not clear which set of facts corresponds to the many securities provisions cited.  (Complaint ¶¶ 1 – 102.)  In such cases, neither courts nor defendants can be compelled to "play connect-the-dots in order to identify the facts and trends upon which plaintiffs base their claim*." In re Dura Pharms. Sec. Litig*, No. 99CV0151(NLLS), 2000 WL 33176043, at *6 (S.D. Cal. July 11, 2000) (quoting *In re PETsMART, Inc*., Sec. Litig., 61 F. Supp. 2d 982, 991 (D. Ariz. 1999)).

106.    As this "puzzle pleading" does not satisfy basic notice pleading standards, it certainly does not satisfy PSLRA's mandate to plead with particularity each allegedly false statement and the reasons why it was false when made.  Moreover, none of the allegations are sufficiently particularized, wholly lacking Rule 9(b)'s requirement that the "particular times, dates, places, or other details of the alleged fraudulent involvement of the actors be alleged*.*" *Orton v. Parametric Tech. Corp.*, 344 F. Supp. 2d 290, 299 (D. Mass. 2004).  Count 2 should be dismissed for this reason alone.

107.    Additionally, in order to state a claim for fraud or securities fraud the "plaintiffs' allegations must indicate that their reliance on the allegedly fraudulent representation was reasonable."  *One-O-One Enter., Inc. v. Caruso*, 848 F.2d 1283, 1286 (D.C.Cir.1988).  *See also*, *Alicke v. MCI Comm. Corp*., 111 F.3d 909, 912 (D.C.Cir.1997) (dismissal for failure to state a claim is proper when no reasonable person would have relied on the representation).  In this case, the Complaint does not clearly state who said what to whom (and when), much less whether reliance was reasonable.

108.    With regard to the scienter requirement, because the Complaint does not address the role of each Defendant, it does not even get to the issue of how each Defendant acted with the requisite degree of scienter.  Consequently, the Complaint also fails to meet the heightened PSLRA pleading requirements for scienter, discussed above.  This fatal flaw provides another independent basis for dismissing the securities fraud claim.

109.    Finally, Count 2 of the Complaint alleges a violation of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).[14]  (Complaint, ¶107.)  By the express terms of this provision it

---

[14] This section provides that, "[e]very person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any

applies only to those in control of "any person liable" for securities fraud under another provision or rule. Thus in order to maintain a claim for a violation Section 20(a), a plaintiff must establish an underlying violation of a different section.[15]  Accordingly, because the Complaint does not sufficiently plead any causes of action arising from the aforementioned securities laws, Plaintiffs cannot proceed on its derivative claim under Section 20(a).  In any event, the Complaint does not plead specific facts as to how Defendants Turan, Karabayev, Voloshin, Koichmanov, Striganov, IBAR Development or IBAR Ventures had the ability to control the allegedly fraudulent transactions (whatever they might be).

110.    By reason of the foregoing, Count 2 should be dismissed, without leave to amend. Further, this count not only fails to adequately state a claim on which relief may be granted, but it is frivolous and wholly insubstantial.

## IX.    Plaintiffs' Cause Of Action For Conversion Fails To State A Claim Upon Which Relief Can Be Granted

111.    Defendants move this honorable Court to dismiss Plaintiffs' third count for "Conversion" on the grounds that this cause of action fails to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6).

112.    Plaintiffs claim that all of the defendants "converted KEC's and other Plaintiffs' assets" by failing to "transfer $450,000 to KEC" and by delivering to Bektayev an invalid stock certificate while representing that it was valid.  (Complaint, ¶¶ 113-116.)

---

person to whom such controlled person is liable."  Id.

[15] See In re The Baan Co. Securities Litigation, 103 F.Supp.2d 1, 23 (D.D.C.2000) ("[C]ontrol person liability under 20(a) is contingent upon showing direct 10(b) liability of the controlled entity."); High View Fund, L.P. v. Hall, 27 F.Supp.2d 420, 428 (S.D.N.Y.1998) ("[B]ecause plaintiffs have not properly pled any primary violation of federal securities laws, their derivative claim for 'controlling person' liability pursuant to § 20(a) must be dismissed.").

113.    Conversion is defined to be an act of willful interference with personal property, done without lawful justification, by which any person entitled thereto is deprived of the use and possession of the personal property.[16]  *De Vries v. Brumback* (1960) 53 Cal.2d 643, 647 [2 Cal.Rptr. 764].  Conversion has been expanded beyond personal property to include conversion of intangibles, if represented by a document, such as a stock certificate.  *Virtanen v. O'Connell* (2006) 140 Cal.App.4th 688, 707 [44 Cal.Rptr.3d 702].  Money, however, is not considered to be specific property susceptible of conversion when only the relationship of creditor and debtor exists between the parties.  *Watson v. Stockton Morris Plan Co.* (1939) 34 Cal.App.2d 393, 403 [93 P.2d 855].

114.    Thus, Plaintiffs allegations of conversion fail.  The delivery of an allegedly invalid or worthless stock certificate in place of the valuable certificate that was allegedly promised cannot be considered "conversion" of the Plaintiffs' stock certificate, which, as alleged, was actually delivered to and retained by Plaintiff Bektayev.  (Complaint, ¶¶ 47-50.)  Further, Defendants' alleged failure to pay Plaintiffs the sum of $450,000.00 as per an alleged agreement clearly does not render the sum of $450,000.00 a specific property that has been converted by Defendants.  Plaintiffs cannot possibly amend this count, and thus, Defendants request that it dismissed without leave to amend.

---

[16]   All citations herein are to California law with regard to the substance of Plaintiffs' common law causes of action.  The District of Columbia's choice of law jurisprudence indicates California law as the substantive law most appropriate to apply (except for the possible limited application of the law of Kazakhstan).  *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (citing *Hercules & Co. v. Shama Rest.*, 566 A.2d 31, 40-41 (D.C. 1989)).

## X.    Plaintiffs' Cause Of Action For Breach Of Contract Fails To State A Claim Upon Which Relief Can Be Granted

115.    Defendants move this honorable Court to dismiss Plaintiffs' fourth count for "Breach of Contract" on the grounds that this cause of action fails to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6).

116.    Plaintiffs allege, "On approximately 3 occasions, Defendants concluded Agreements with Plaintiffs, in the name of Turan, but each time breached those Agreements." (Complaint, ¶ 119.)  Plaintiffs allege this cause of action against Defendants Turan Petroleum, Inc., Askar Karabayev and Anatoly Vanetik.  (Complaint, Count 4 subcaption.)

117.    There is clearly no basis for alleging breach of contract against Mr. Karabayev, as Plaintiffs have not alleged he was a party to any of the alleged agreements.  (See Complaint, ¶¶ 33, 35, 44, 52, 53 & 72.)  Plaintiffs' allegation that Mr. Karabayev "was involved in Turan from April of 2007, becoming its President and CEO since June of 2008," in no way cures the defect. (Complaint, ¶ 13.)  *Grosvenor Properties, Ltd. v. Southmark Corp.*, 896 F.2d 1149, 1153–1154 (9th Cir. 1990) (holding, under California law, an officer or employee of a corporation has no independent duty to parties with whom the corporation contracts and thus cannot be liable for inducing breach of the corporation's contract or conspiring to breach it).

118.    Further, the alleged contract(s),  the alleged "novation[s]" and amendments thereto, Plaintiffs' alleged performance and even the alleged breach(es) thereof are pled in such a vague and conclusory manner that the elements of formation, terms, performance, breach and damages, are not adequately stated.  (See Complaint, ¶¶ 33, 35, 44, 52, 53 & 72.)  *See Reichert v. General Ins. Co.*, 68 Cal.2d 822, 830 [69 Cal.Rptr. 321].  By reason of the foregoing, Defendants request that this count be dismissed without leave to amend.

**XI.    Plaintiffs' Cause Of Action For Tortious Interference With Beneficial Commercial Relationship Fails To State A Claim Upon Which Relief Can Be Granted**

119.    Defendants move this honorable Court to dismiss Plaintiffs' fifth count for "Tortious Interference with Beneficial Commercial Relationship" on the grounds that this cause of action fails to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6).

120.    Plaintiffs claim that, "[b]y way of hostile activities against Plaintiffs," certain of the Defendants "jeopardized KEC's and other Plaintiffs' beneficial relationship with the various bodies of the Kazakhstan Government."  (Complaint, ¶ 124.)

121.    Plaintiffs' claim seems to refer to a common law action for interference with an economic relationship that has not ripened into a contract, sometimes called "interference with prospective economic relationship."  *Della Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.4th 376, 393 [45 Cal.Rptr.2d 436].  Where there is no actual contract, the "expectancy" of the plaintiff must be sufficiently probable.  *Blank v. Kirwan* (1985) 39 Cal.3d 311, 330-331 [216 Cal.Rptr. 718].  For example, an economic expectancy has been held to lack sufficient probability where it was contingent on the plaintiff first obtaining a business license from a government agency vested with broad discretion to grant or deny the license.  *Id*.

122.    Here, as in *Kirwan*, the "commercial relationship" is tenuous and uncertain, consisting solely of a vague relationship with "various bodies of the Kazakhstan government." How this relationship would, with sufficient probability, result in a particular economic gain to Plaintiffs is not pled in the Complaint and appears too uncertain to plead properly.  Thus, Defendants request that this count be dismissed without leave to amend.

**XII.    Plaintiffs' Cause Of Action For Fraud And Misrepresentation Fails To State A Claim Upon Which Relief Can Be Granted**

123.    Defendants move this honorable Court to dismiss Plaintiffs' sixth count for "Fraud and Misrepresentation" on the grounds that this cause of action fails to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6).  Further, Plaintiffs have failed to plead fraud with the particularity required by Federal Rules of Civil Procedure, Rule 9(b).

124.    Plaintiffs' fraud and misrepresentation claims are predicated on certain transactions that are alleged to have occurred between Defendant Vanetik and Plaintiff Bektayev with regard to stock transactions involving Trek and Turan.  The gist of this claim appears to be that Vanetik tricked Bektayev into believing that he (Vanetik) would make arrangements for Bektayev to gain control of Trek and that certain Turan shares would be transferred into Trek that would be for the benefit of Bektayev.  (Complaint, ¶¶ 36-38.)  Pursuant to alleged misrepresentations by Vanetik and other alleged improper activities, Bektayev did not actually have control of Trek and, as a result, never received the Turan shares he claims he was owed. (Complaint, ¶¶ 47-50.)

125.    Defendants Turan, Karabayev, Koichumanov, Striganov and Voloshin are named for this allegedly fraudulently activities.  However, the Complaint does not specify how Defendants Turan, Karabayev, Koichumanov, Striganov or Voloshin are responsible for alleged misconduct on the part of Vanetik.  (Complaint, ¶¶ 47-50.)

126.    To establish a common law fraud claim, a plaintiff must allege with particularity that: (1) the defendant made a false representation; (2) the representation was in reference to a material fact; (3) the defendant had knowledge of its falsity; (4) the defendant intended to deceive (scienter); (5) the plaintiff acted in reliance on the misrepresentation; and (6) the reliance was reasonable.  *In re U.S. Office Prod. Co. Sec. Litig.*, 251 F. Supp. 2d 77, 100 (D.D.C. 2003).

When stating a claim under either Rule 10b-5 or common law fraud, the claimant must satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirement and state the circumstances constituting fraud with particularity. *Kowal*, 16 F.3d at 1277-79.

127.    The Complaint does not allege with particularity any false representations on the part of Defendants Turan, Karabayev, Koichumanov, Striganov or Voloshin, nor how they are somehow responsible for the alleged fraudulent misrepresentations. In fact, Defendants Karabayev, Koichumanov, Striganov and Voloshin are not even mentioned by name in the sixth count. (Complaint, ¶¶ 126-132.)

128.    By reason of the foregoing, Defendants request that the sixth count be dismissed, without leave to amend.

## XIII.    Plaintiffs' Cause Of Action For Unjust Enrichment Fails To State A Claim Upon Which Relief Can Be Granted

129.    Defendants move this honorable Court to dismiss Plaintiffs' seventh count for "Unjust Enrichment" on the grounds that this cause of action fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6).

130.    Plaintiffs allege that all of the defendants, by "fraud and misrepresentation" as well as RICO violations, unjustly enriched themselves. (Complaint, ¶ 134.) Plaintiffs allege that the delivery of void consideration in place of the valid consideration allegedly promised unjustly enriched the defendants. (Complaint, ¶ 135.) Plaintiffs further allege that Defendants alleged failure to explore for oil "unlawfully removed" Plaintiffs "from their fair share and role in the Concession." (Complaint, ¶ 136.) Finally, Plaintiffs make the incomprehensibly vague, conclusory allegation that Defendants "inflated the prices of actual outlays in Kazakhstan" and "rout[ed] certain cash flow for their immediate enrichment." (Complaint, ¶ 136.)

131.    Parties to a contract are bound by, and limited to, the terms of the contract, and cannot vary those terms by resorting to a quasi-contract claim based on an unjust enrichment theory.  *See Hedging Concepts, Inc. v. First Alliance Mortgage Co.* (1996) 41 Cal.App.4[th] 1410, 1419 [49 Cal.Rptr.2d 191].

132.    Plaintiffs' allegation of delivery of void consideration in breach of agreement sounds, if at all, under breach of contract, and Plaintiffs should not be allowed to plead an alternative form of liability for the same breach.  Further, Plaintiffs' claim that they were damaged by Defendants' alleged failure to drill does not even suggest how Defendants were enriched by this failure.  Finally, the bizarre allegation that Defendants diverted cash from investors by inflating expenses is made nowhere in the general factual allegations of the Complaint (the "Facts Common to All Counts") and is too vague and conclusory to support a cause of action for unjust enrichment.  Plaintiffs cannot possibly amend this count, and thus, Defendants request that it be dismissed without leave to amend.

**XIV.    Plaintiffs' Cause Of Action For Civil Conspiracy Fails To State A Claim Upon Which Relief Can Be Granted**

133.    Defendants move this honorable Court to dismiss Plaintiffs' eighth count for "Civil Conspiracy" on the grounds that this cause of action fails to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6).

134.    Plaintiffs allege, "Defendants, and all of them, formed a civil conspiracy used against Plaintiffs for depriving Plaintiffs of lawful consideration."  (Complaint, ¶ 139.)

135.    Civil conspiracy in and of itself is not a tort.  *Unruh v. Truck Ins. Exch.* (1972) 7 Cal.3d 616, 631 [102 Cal.Rptr. 815] superseded by statute on other grounds as stated in *Hendy v. Losse* (1991) 54 Cal.3d 723, 731 [1 Cal.Rptr.2d 543].  Where civil conspiracy is pleaded, it must be determined whether the pleaded facts show that something was done that, without the

conspiracy, would give rise to a right of action. *Tietz v. Los Angeles Unified School Dist.* (1965) 238 Cal.App.2d 905, 913 [48 Cal.Rptr. 245]. A party to a contract cannot be liable for conspiracy to interfere with the performance of the contract because only strangers to a contract can be liable in tort for intentional interference with a contract's performance. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal. 4th 503, 514 [28 Cal.Rptr.2d 475].

136.    Plaintiffs' conspiracy allegation is clearly based on Plaintiffs' claim of breach of contract. Plaintiffs' claim vaguely appears to be that all defendants conspired to breach or induce a breach of contract. Plaintiffs cannot bring such a claim against Defendants Turan Petroleum, Inc., and Askar Karabayev because Plaintiffs claim those Defendants are parties to the contract and have breached it. (Complaint, Count 4, Breach of Contract.) Further, Plaintiffs' apparent claim that all of the Defendants that were not parties to the alleged contract somehow induced its breach is not supported by the more specific allegations of the Complaint, and Plaintiff has not included a cause of action for inducement of breach of contract which might clarify it. By reason of the foregoing, Defendants request that this count be dismissed without leave to amend.

## XV.    Plaintiffs' Cause Of Action For Fraudulent Conveyances/Accounting Fails To State A Claim Upon Which Relief Can Be Granted

137.    Defendants move this honorable Court to dismiss Plaintiffs' ninth count for "Fraudulent Conveyances; Accounting" on the grounds that this cause of action fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6).

138.    Plaintiffs allege that Defendants "engaged in fraudulent conveyances." (Complaint, ¶ 142.) Plaintiffs base this allegation on allegations of "unauthorized issuance of stock, marketing securities and other conduct, without disclosure to Plaintiffs . . . [and] double accounting methods."

139.    The law of fraudulent conveyances (or "fraudulent transfers") is designed to protect creditors by allowing them to treat property which has been fraudulently disposed of by their debtors as if the debtor still had possession.  *See* Cal. Civil, §§ 3439.07(a)(1) & 3518 (California's Uniform Fraudulent Transfer Act).  Fraudulent conveyance law is designed to prevent debtors from placing property beyond the reach of their creditors when the property should be legitimately made available to satisfy the creditors' demands.  *See Chichester v. Mason* (1941) 43 Cal.App.2d 577, 584 [111 P.2d 362].

140.    Nowhere in the Complaint do Plaintiffs' allege a fraudulent conveyance.  The allegations made within the cause of action (or "count") itself show that Plaintiffs do not understand what a fraudulent conveyance is.  The "accounting" requested by Plaintiffs is merely a remedy for a fraudulent conveyance.  *See Heffernan v. Bennett & Armour* (1944) 63 Cal.App.2d 178, 185 [146 P.2d 482].  By reason of the foregoing, Defendants request that this count be dismissed without leave to amend.

## XVI.    Plaintiffs' Cause Of Action For Declaratory Relief Fails To State A Claim Upon Which Relief Can Be Granted

141.    Defendants move this honorable Court to dismiss Plaintiffs' tenth count for "Declaratory Relief" on the grounds that this cause of action fails to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6).

142.    Plaintiffs request that "the acquisition by Turan of control over TEP should be declared void and nil *[sic]* . . .," that "attempted agreements" between Turan and Plaintiffs "should be declared nil and void," that "KEC should be declared the sole lawful title holder of the rights to the Concession,: and that certain of the Defendants "should be declared unfit for transactions with securities in the U.S. . . .."  (Complaint, ¶ 148.)

143.    Declaratory relief is merely a procedural device for presenting a dispute to the court. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 [70 S.Ct. 876]. The availability of other adequate remedies may make declaratory relief "inappropriate." *Beacon Const. Co. v. Matco Elec. Co., Inc.*, 521 F.2d 392, 397 (2nd Cir. 1975).

144.    Plaintiffs appear to be requesting rescission of contract(s) on the basis of alleged fraud. *See* Cal. Civil 1689 (b)(1) (providing for rescission of contract where the consent of the party rescinding was obtained through fraud, among other grounds). However, as shown above, Plaintiffs have not adequately pled fraud as to any of the Defendants. (See above, ¶¶ 123-128.) There is, thus, no basis for requesting rescission. As for Plaintiffs' request that Defendants be declared "unfit" for securities transactions, it is absurd and clearly has no legal basis. By reason of the foregoing, Defendants request that this count be dismissed without leave to amend.

## XVII.  **Plaintiffs' Cause Of Action For Damage To Business Reputation Fails To State A Claim Upon Which Relief Can Be Granted**

145.    Defendants move this honorable Court to dismiss Plaintiffs' eleventh count for "Damage to Business Reputation" on the grounds that this cause of action fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6).

146.    Plaintiffs allege that "Defendants engaged in a willful and preplanned conduct to destroy the reputation of Plaintiffs . . . [by] spreading damaging information about Plaintiffs . . .." (Complaint, ¶ 151.) Plaintiffs are apparently attempting to frame a cause of action for slander.

147.    To state a claim for slander, under California law, a plaintiff must establish the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage. *Breakdown Services, Ltd. v. Now Casting, Inc.*, 550 F.Supp.2d 1123 (C.D. Cal. 2007). Under California law, a defamatory statement must

be specifically identified, and the plaintiff must plead the substance of the statement. *Scott v. Solano County Health and Social Services Dept.*, 459 F.Supp.2d 959 (E.D. Cal. 2006).

148.    Nowhere in the Complaint do Plaintiffs identify the statement (or statements) allegedly made by "all Defendants, except Ibar and Ibar Ventures." (Complaint, Count 11 subcaption.) Plaintiffs' only relevant factual allegation is, "During that period of time [(of the alleged stabbing)], Defendants, operating our of the U.S. engaged in damaging the reputation of KEC, made efforts to destroy KEC's business." (Complaint, ¶ 80.) Plaintiffs' allegation falls far short of the specificity standards for pleading slander and thus, Defendants request that it be dismissed without leave to amend.

## XVIII. Plaintiffs' Cause Of Action For Bodily Injury And Related Allegations Are Scandalous And Immaterial

149.    Defendants move this honorable Court to strike Plaintiffs' twelfth count for "Damages for Bodily Injury, Attempted Murder" as scandalous and immaterial matter. F.R.C.P. 12(f)(2).

150.    Defendants further move this honorable Court to strike the following related allegations of the Complaint as scandalous and immaterial matter:

1) Paragraphs 58 and 59;

2) Paragraph 74 – second sentence;

3) Paragraphs 75 through and including 79;

4) Paragraph 80 – first sentence;

5) Paragraph 81 – portion of third sentence beginning with "as if he . . ..";

6) Paragraphs 85 and 87;

7) Paragraph 88 – parenthetical phrase, ("which was the anniversary of the knife attack on Bektayev");

8) Paragraphs 89 and 90;

9) Paragraph 91 – second sentence;

10) Paragraph 94 – second and third sentences;

11) All of Count 12 (Paragraphs 153 through and including 158);

12) Prayer for relief – "damages for the bodily injury . . . upon expert testimony at trial."

151.    Most of the above matter concerns Plaintiffs' outrageous and wholly unsupported claim that certain unidentified defendants in this matter were involved in an alleged "murder attempt" made on Plaintiff Yerkin Bektayev in Kazakhstan.  (Complaint, ¶¶ 75-80.)  The rest of the above matter concerns Plaintiffs' absurd and vague suggestion that some of the defendants in this matter were, in some shadowy way, involved in the death of Yedil Kassymov.  (Complaint, ¶¶ 58-59.)

152.    "Scandalous" matter is that which casts a "cruelly" derogatory light on a party or other person.  *Skadegaard v. Farrell*, 578 F.Supp. 1209, 1221 (D. N.J. 1984), overruled on other grounds by *Aitchison v. Raffiani,* 708 F.2d 96 (3d Cir. 1983).  "Immaterial" matter is that which has no bearing on the controversy before the court.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527, reversed on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 [114 S.Ct. 1023] (1994).

153.    Plaintiffs are attempting to cast a cruelly derogatory light on Defendants based on nothing more than absurd speculation and supposition.  These matters have nothing to do with the other causes of action of the Complaint, are clearly not part of the same case or controversy for purposes of supplemental subject matter jurisdiction and are probably not properly before any court outside Kazakhstan.  28 U.S.C. § 1367(a).

## XIX.  **Conclusion**

Plaintiffs' morass of vague, conclusory and contradictory factual allegations do not support any among the broad range of legal theories pled in their Complaint.  Further, relationships between the facts and Defendants are not adequately pled or simply not present. Plaintiffs' sham allegations to gain Federal question subject matter jurisdiction, personal jurisdiction over Defendants and venue in this honorable Court recommend dismissal of the entire action.  Plaintiffs' pleading of the sham Federal claims and insupportable common law claims shows a complete lack of understanding of the nature and requirements of the particular causes of action, and these faults cannot be corrected by amendment.  Finally, the allegations of the Complaint and the declarations submitted herewith demonstrate that this action should be in the Central District of California, if it should be anywhere at all.

                     /s/
                     _____
                     CORNISH F. HITCHCOCK
                        D.C. Bar No. 238824
                     Hitchcock Law Firm PLLC
                     1200 G Street, NW
                     Washington, DC 20005
                     Telephone: (202) 489-4813
                     Facsimile: (202) 315-3552

Of Counsel:

_____/s/_____

SYLVIA M. SCOTT
    CA State Bar No. 134360 (not admitted in DC)
Freeman, Freeman & Smiley, LLP
3415 S. Sepulveda Boulevard
Penthouse Suite
Los Angeles, CA 90034
Telephone: (310) 255-6100
Facsimile: (310) 391-4042

August 25, 2008

Attorneys for Defendants
Turan Petroleum, Inc.; Ibar Development, LLC; and
Ibar Ventures, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAZENERCOM TOO; ASSOCIATION OF KAZAKH INVESTORS AND ENTREPRENEURS; PUBLIC FOUNDATION OUR HOUSE KAZAKHSTAN; KINOZHUZ; YERKIN BEKTAYEV; BERIK BEKTAY; KANET MEIRMANOV, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 1:08-cv-01339 (ESH) |
| v. | ) ) | |
| TURAN PETROLEUM, INC.; TREK RESOURCES, INC.; IBAR DEVELOPMENT, LLC; IBAR VENTURES, LLC; ASKAR ("AKAR") KARABAYEV; ANATOLY ("TONY") VANETIK; NAUM VOLOSHIN; TIMUR KOICHUMANOV; ALEXANDER KUSHNERENKO; ALEX STRIGANOV; and DOES from 1 to 100, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF ASKAR KARABAYEV
IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. §1404(a),
AND ALTERNATIVE MOTIONS TO TRANSFER
UNDER 28 U.S.C. §1406(a) OR 28 U.S.C. §1631,
OR DISMISS UNDER F.R.C.P. RULE 12(b) (2), (3) AND (5)**

## DECLARATION OF ASKAR KARABAYEV

1.     I am over 18 years of age and a defendant in this action.  I am Chief Executive Officer and a Director of Turan Petroleum, Inc. (hereinafter, "Turan"), a defendant in this action. I am a managing member of Ibar Development, LLC, a defendant in this action.  I have personal knowledge of each matter stated herein, and if called to do so, I could and would testify competently thereto.

2.     I have not been served directly by any of the plaintiffs with a summons or the complaint in this matter.

3.     Turan is a corporation organized under the laws of the state of Nevada, with its principal place of business in California.   The corporate books and records of Turan are maintained by the Secretary and Treasurer of Turan, Robin Bisarya, at 940 South Coast Drive #100, Costa Mesa, in Orange County, California 92626, which is the headquarters of Turan.

4.     Turan is in the business of preparing an area in the Republic of Kazakhstan for the exploration and production of hydrocarbons.   Almost all of Turan's business is done in California and the Republic of Kazakhstan.

5.     Turan is not incorporated in the District of Columbia.  Turan has no subsidiary and is not incorporated or qualified to do business in the District of Columbia.  Turan does not do and has never done business in the District of Columbia.  Turan has no officers or agents in the District of Columbia.

6.     IBAR Development, LLC (hereinafter, "IBAR Dev."), is a California limited liability company with its principal place of business in California.  The corporate books and records of IBAR Dev., are maintained at 940 South Coast Drive #100, Costa Mesa, in Orange County, California 92626, which is the headquarters of IBAR Dev.  IBAR Dev. is in the business of real estate development in California.   IBAR Dev. does no business in the District of Columbia, has never done business in the District of Columbia and is not qualified to do business in the District of Columbia.   IBAR Dev. has no subsidiary incorporated or qualified to do business in the District of Columbia.

1

7.    IBAR Ventures, LLC (hereinafter, "IBAR Ven."), is a Delaware limited liability company. IBAR Ven. does no business in the District of Columbia, has never done business in the District of Columbia and is not qualified to do business in the District of Columbia. IBAR Ven. has registered an agent for service of process in Orange County, California, at 940 South Coast Drive, Suite 100, Costa Mesa, California 92626.

8.    I am a citizen of the Republic of Kazakhstan. I am not a citizen of the United States of America, but I am a permanent resident. I reside in Orange County, California. I have no personal or business contacts with the District of Columbia.

9.    The following are the names and addresses of persons residing in California and known by me to be percipient witnesses to certain of the matters raised in the complaint in this action, and the matters upon which they are expected to testify:

(a)    I expect to testify concerning my involvement as Director and Chief Executive Officer of Turan and the events surrounding the transfers of stock and the underlying litigation mentioned in the complaint in this matter.

(b)    Haneczka Czernyszczerniachowski resides in Orange County, California, and is expected to testify concerning her knowledge derived from her position as assistant to Defendant Anatoly Vanetik with regard to transfers of funds and other transactions related to the stock transfers alleged in the complaint in this matter.

(c)    Defendant Alexander Kushnerenko resides in Kings County, California, and is expected to testify concerning his involvement as president, treasurer and Director of Defendant Trek Resources, Inc. (hereinafter, "Trek") in the events alleged in the complaint in this matter concerning transfers of stock.

(d)    Dean Miller resides in San Diego County, California, and is expected to testify concerning his knowledge of Defendant Anatoly Vanetik's interactions with the plaintiffs in this matter and the transfer of Turan shares alleged in the complaint in this matter.

(e)    Defendant Alex Striganov resides in Orange County, California, and is expected to testify concerning his work administering Turan's records and his work on the lawsuit in Kazakhstan described in the complaint in this matter.

2

(f)     Hiep Trinh resides in Orange County, California, and is expected to testify concerning his involvement with Turan in raising capital and issues concerning Turan stock.

(g)     Robert Van Duren resides in Orange County, California, and is expected to testify concerning his involvement as a founder, former Chief Executive Officer and former Director of Turan, as well as the structure of the stock transactions alleged in the complaint in this matter and communications concerning the transactions.

(h)     Defendant Anatoly Vanetik resides in Orange County, California, and is expected to testify concerning his involvement as a founder and chairman of the Board of Directors of Turan, as well as the structure of the stock transactions alleged in the complaint in this matter and his communications and interactions with the plaintiffs concerning the allegations of the complaint in this matter.

(i)     Yuri Vanetik resides in Orange County, California, and is expected to testify concerning his involvement as a founder of Turan and his involvement in Turan's capital structure, his communications with the plaintiffs and other investors, and the communications and transactions of his father, Defendant Anatoly Vanetik, with respect to the allegations of the complaint.

10.     The interests of justice and the convenience of the parties and witnesses would be served by transferring this action to the Central District of California for the following reasons:

(a)     It would be burdensome and inconvenient for witnesses to attend trial in the District of Columbia because of the expense of travel and time away from their businesses and other pursuits.

(b)     The above witnesses have their residences and occupations within Orange County, part of the Central District of California, or in neighboring districts within California.

/ / /

/ / /

/ / /

/ / /

/ / /

3

(c)  All of the books and records of Turan are located in the Central District of California as they are within Orange County, California.  This includes the corporate books and records of Turan at the Costa Mesa office described above, as well as additional records of Turan in the possession of Turan Director and defendant herein, Anatoly Vanetik, who resides in Orange County, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 21 day of August, 2008, in California.

ASKAR KARABAYEV

4

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

KAZENERCOM TOO; ASSOCIATION
OF KAZAKH INVESTORS AND
ENTREPRENEURS; PUBLIC
FOUNDATION OUR HOUSE
KAZAKHSTAN; KINOZHUZ; YERKIN
BEKTAYEV; BERIK BEKTAY; KANET
MEIRMANOV,

   Plaintiffs,

  v.

TURAN PETROLEUM, INC.; TREK
RESOURCES, INC.; IBAR
DEVELOPMENT, LLC; IBAR
VENTURES, LLC; ASKAR ("AKAR")
KARABAYEV; ANATOLY ("TONY")
VANETIK; NAUM VOLOSHIN; TIMUR
KOICHUMANOV; ALEXANDER
KUSHNERENKO; ALEX STRIGANOV;
and DOES from 1 to 100,

   Defendants.

)
)
)
)
)
)
)
)
) Case No. 1:08-cv-01339 (ESH)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DECLARATION OF TIMUR KOICHUMANOV
IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. §1404(a),
AND ALTERNATIVE MOTIONS TO TRANSFER
UNDER 28 U.S.C. §1406(a) OR 28 U.S.C. §1631,
OR DISMISS UNDER F.R.C.P. RULE 12(b) (2), (3) AND (5)**

## DECLARATION OF TIMUR KOICHUMANOV

1.      I am over 18 years of age and a defendant in this action.  I have personal knowledge of each matter stated herein, and if called to do so, I could and would testify competently thereto.

2.      I have not been served directly by any of the plaintiffs with a summons or the complaint in this matter.

3.      I am a citizen of the Republic of Kazakhstan.  I am not a citizen of the United States.  I reside in Almaty, Republic of Kazakhstan.  I have no personal or business contacts with the District of Columbia.

4.      This declaration was orally translated for me from English into Russian, a language in which I am fluent, by someone who is fluent in both languages.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 21 day of August 2008, in the Republic of Kazakhstan.


_____
TIMUR KOICHUMANOV

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAZENERCOM TOO; ASSOCIATION OF KAZAKH INVESTORS AND ENTREPRENEURS; PUBLIC FOUNDATION OUR HOUSE KAZAKHSTAN; KINOZHUZ; YERKIN BEKTAYEV; BERIK BEKTAY; KANET MEIRMANOV, <br><br> Plaintiffs, <br><br> v. <br><br> TURAN PETROLEUM, INC.; TREK RESOURCES, INC.; IBAR DEVELOPMENT, LLC; IBAR VENTURES, LLC; ASKAR ("AKAR") KARABAYEV; ANATOLY ("TONY") VANETIK; NAUM VOLOSHIN; TIMUR KOICHUMANOV; ALEXANDER KUSHNERENKO; ALEX STRIGANOV; and DOES from 1 to 100, <br><br> Defendants. | Case No. 1:08-cv-01339 (ESH) |

**DECLARATION OF ALEX STRIGANOV**
**IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. §1404(a),**
**AND ALTERNATIVE MOTIONS TO TRANSFER**
**UNDER 28 U.S.C. §1406(a) OR 28 U.S.C. §1631,**
**OR DISMISS UNDER F.R.C.P. RULE 12(b) (2), (3) AND (5)**

## DECLARATION OF ALEX STRIGANOV

1.    I am over 18 years of age and a defendant in this action.  I have personal knowledge of each matter stated herein, and if called to do so, I could and would testify competently thereto.

2.    I have not been served directly by any of the plaintiffs with a summons or the complaint in this matter.

3.    I am a naturalized citizen of the United States of America.  I am not a citizen of the Russian Federation.  I reside in Orange County, California.  I have no personal or business contacts with the District of Columbia.

4.    The following are the names and addresses of persons residing in California and known by me to be percipient witnesses to certain of the matters raised in the complaint in this action, and the matters upon which they are expected to testify:

(a)    I expect to testify concerning my work administering Turan's records and my work on the lawsuit in Kazakhstan described in the complaint in this matter.

(b)    Defendant Askar Karabayev resides in Orange County, California, and is expected to testify concerning his involvement as Director and Chief Executive Officer of Turan and the events surrounding the transfers of stock and the underlying litigation mentioned in the complaint in this matter.

(c)    Haneczka Czernyszczerniachowski resides in Orange County, California, and is expected to testify concerning her knowledge derived from her position as assistant to Defendant Anatoly Vanetik with regard to transfers of funds and other transactions related to the stock transfers alleged in the complaint in this matter.

(d)    Defendant Alexander Kushnerenko resides in Kings County, California, and is expected to testify concerning his involvement as president, treasurer and Director of Defendant Trek Resources, Inc. (hereinafter, "Trek") in the events alleged in the complaint in this matter concerning transfers of stock.

*AS*

1

(e)    Dean Miller resides in San Diego County, California, and is expected to testify concerning his knowledge of Defendant Anatoly Vanetik's interactions with the plaintiffs in this matter and the transfer of Turan shares alleged in the complaint in this matter.

(f)    Hiep Trinh resides in Orange County, California, and is expected to testify concerning his involvement with Turan in raising capital and issues concerning Turan stock.

(g)    Defendant Anatoly Vanetik resides in Orange County, California, and is expected to testify concerning his involvement as a founder and chairman of the Board of Directors of Turan, as well as the structure of the stock transactions alleged in the complaint in this matter and his communications and interactions with the plaintiffs concerning the allegations of the complaint in this matter.

(h)    Yuri Vanetik resides in Orange County, California, and is expected to testify concerning his involvement as a founder of Turan and his involvement in Turan's capital structure, his communications with the plaintiffs and other investors, and the communications and transactions of his father, Defendant Anatoly Vanetik, with respect to the allegations of the complaint.

5.    The interests of justice and the convenience of the parties and witnesses would be served by transferring this action to the Central District of California for the following reasons:

(a)    It would be burdensome and inconvenient for witnesses to attend trial in the District of Columbia because of the expense of travel and time away from their businesses and other pursuits.

(b)    The above witnesses have their residences and occupations within Orange County, part of the Central District of California, or in neighboring districts within California.

(c)    All of the books and records of Turan are located in the Central District of California as they are within Orange County, California. This includes the corporate books and records of Turan at the Costa Mesa office described above, as well as additional records of Turan in the possession of Turan Director and defendant herein, Anatoly Vanetik, who resides in Orange County, California.

*AS*

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21 day of August, 2008, in California.

_____
ALEX STRIGANOV

853013.1
21262-890

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAZENERCOM TOO; ASSOCIATION OF KAZAKH INVESTORS AND ENTREPRENEURS; PUBLIC FOUNDATION OUR HOUSE KAZAKHSTAN; KINOZHUZ; YERKIN BEKTAYEV; BERIK BEKTAY; KANET MEIRMANOV, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:08-cv-01339 (ESH) |
| v. | ) ) ) | |
| TURAN PETROLEUM, INC.; TREK RESOURCES, INC.; IBAR DEVELOPMENT, LLC; IBAR VENTURES, LLC; ASKAR ("AKAR") KARABAYEV; ANATOLY ("TONY") VANETIK; NAUM VOLOSHIN; TIMUR KOICHUMANOV; ALEXANDER KUSHNERENKO; ALEX STRIGANOV; and DOES from 1 to 100, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF NAUM VOLOSHIN
IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. §1404(a),
AND ALTERNATIVE MOTIONS TO TRANSFER
UNDER 28 U.S.C. §1406(a) OR 28 U.S.C. §1631,
OR DISMISS UNDER F.R.C.P. RULE 12(b) (2), (3) AND (5)**

## DECLARATION OF NAUM VOLOSHIN

1.  I am over 18 years of age and a defendant in this action. I am Chief Operating Officer of Turan Petroleum, Inc. (hereinafter, "Turan"), a defendant in this action. I have personal knowledge of each matter stated herein, and if called to do so, I could and would testify competently thereto.

2.  I have not been served directly by any of the plaintiffs with a summons or the complaint in this matter.

3.  Turan is a corporation organized under the laws of the state of Nevada, with its principal place of business in California. The corporate books and records of Turan are maintained by the Secretary and Treasurer of Turan, Robin Bisarya, at 940 South Coast Drive #100, Costa Mesa, in Orange County, California 92626, which is the headquarters of Turan.

4.  Turan is in the business of preparing an area in the Republic of Kazakhstan for the exploration and production of hydrocarbons. Almost all of Turan's business is done in California and the Republic of Kazakhstan.

5.  Turan is not incorporated in the District of Columbia. Turan has no subsidiary and is not incorporated or qualified to do business in the District of Columbia. Turan does not do and has never done business in the District of Columbia. Turan has no officers or agents in the District of Columbia.

6.  I am a naturalized citizen of the United States of America. I am not a citizen of the Russian Federation. I reside in Los Angeles County, California. I have no personal or business contacts with the District of Columbia.

7.  The following are the names and addresses of persons residing in California and known by me to be percipient witnesses to certain of the matters raised in the complaint in this action, and the matters upon which they are expected to testify:

    (a)  Defendant Askar Karabayev resides in Orange County, California, and is expected to testify concerning his involvement as Director and Chief Executive Officer of Turan

1

and the events surrounding the transfers of stock and the underlying litigation mentioned in the complaint in this matter.

(b)    Haneczka Czernyszczerniachowski resides in Orange County, California, and is expected to testify concerning her knowledge derived from her position as assistant to Defendant Anatoly Vanetik with regard to transfers of funds and other transactions related to the stock transfers alleged in the complaint in this matter.

(c)    Defendant Alexander Kushnerenko resides in Kings County, California, and is expected to testify concerning his involvement as president, treasurer and Director of Defendant Trek Resources, Inc. (hereinafter, "Trek") in the events alleged in the complaint in this matter concerning transfers of stock.

(d)    Dean Miller resides in San Diego County, California, and is expected to testify concerning his knowledge of Defendant Anatoly Vanetik's interactions with the plaintiffs in this matter and the transfer of Turan shares alleged in the complaint in this matter.

(e)    Defendant Alex Striganov resides in Orange County, California, and is expected to testify concerning his work administering Turan's records and his work on the lawsuit in Kazakhstan described in the complaint in this matter.

(f)    Hiep Trinh resides in Orange County, California, and is expected to testify concerning his involvement with Turan in raising capital and issues concerning Turan stock.

(g)    Robert Van Duren resides in Orange County, California, and is expected to testify concerning his involvement as a founder, former Chief Executive Officer and former Director of Turan, as well as the structure of the stock transactions alleged in the complaint in this matter and communications concerning the transactions.

(h)    Defendant Anatoly Vanetik resides in Orange County, California, and is expected to testify concerning his involvement as a founder and chairman of the Board of Directors of Turan, as well as the structure of the stock transactions alleged in the complaint in this matter and his communications and interactions with the plaintiffs concerning the allegations of the complaint in this matter.

2

(i)     Yuri Vanetik resides in Orange County, California, and is expected to testify concerning his involvement as a founder of Turan and his involvement in Turan's capital structure, his communications with the plaintiffs and other investors, and the communications and transactions of his father, Defendant Anatoly Vanetik, with respect to the allegations of the complaint.

8.     The interests of justice and the convenience of the parties and witnesses would be served by transferring this action to the Central District of California for the following reasons:

(a)  It would be burdensome and inconvenient for witnesses to attend trial in the District of Columbia because of the expense of travel and time away from their businesses and other pursuits.

(b)  The above witnesses have their residences and occupations within Orange County, part of the Central District of California, or in neighboring districts within California.

(c)  All of the books and records of Turan are located in the Central District of California as they are within Orange County, California.  This includes the corporate books and records of Turan at the Costa Mesa office described above, as well as additional records of Turan in the possession of Turan Director and defendant herein, Anatoly Vanetik, who resides in Orange County, California

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this _21_ day of August, 2008, in California.

_____
NAUM VOLOSHIN

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


KAZENERCOM TOO; ASSOCIATION )
OF KAZAKH INVESTORS AND )
ENTREPRENEURS; PUBLIC )
FOUNDATION OUR HOUSE )
KAZAKHSTAN; KINOZHUZ; YERKIN )
BEKTAYEV; BERIK BEKTAY; KANET )
MEIRMANOV, )
  )
      Plaintiffs, ) Case No. 1:08-cv-01339 (ESH)
  )
    v. )
  )
TURAN PETROLEUM, INC.; TREK )
RESOURCES, INC.; IBAR )
DEVELOPMENT, LLC; IBAR )
VENTURES, LLC; ASKAR ("AKAR") )
KARABAYEV; ANATOLY ("TONY") )
VANETIK; NAUM VOLOSHIN; TIMUR )
KOICHUMANOV; ALEXANDER )
KUSHNERENKO; ALEX STRIGANOV; )
and DOES from 1 to 100, )
  )
      Defendants. )
  )


**ORDER**


Upon consideration of the Motions by Defendants Turan Petroleum, Inc; IBAR

Development, LLC; IBAR Ventures, LLC; Askar Karabayev; Timur Koichumanov; Alex

Striganov and Naum Voloshin to Dismiss the Complaint as per F.R.C.P. 12(b)(1),(2),(3),(5) &

(6); to Strike Matter from the Complaint as per F.R.C.P. 12(f)(2); and alternative Motions to

Transfer under 28 U.S.C. § 1404(a), § 1406(a) or § 1631; as well as the supporting memoranda,

exhibits and declarations, the Opposition thereto by Plaintiffs Kazenercom TOO; Association of

Kazakh Investors and Entrepreneurs, Public Foundation Our House Kazakhstan, Kinozhuz,

Yerkin Bektayev, Berik Bektay and Kanet Meirmanov, as well as the opposing memoranda,

exhibits and declarations and the entire record in this case, it is this _____ day of

_____, 2008

ORDERED that the complaint filed in this matter (hereinafter, "the Complaint") be

dismissed for lack of subject-matter jurisdiction.  F.R.C.P. 12(b)(1);

ORDERED that the Complaint be dismissed as to Defendants Turan Petroleum, Inc;

IBAR Development, LLC; IBAR Ventures, LLC; Askar Karabayev; Timur Koichumanov; Alex

Striganov and Naum Voloshin (hereinafter, jointly and severally, "Defendants") for lack of

personal jurisdiction in this Court.  F.R.C.P. 12(b)(2);

ORDERED that the Complaint be dismissed as to Defendants on the grounds that this

Court is an improper venue.  F.R.C.P. 12(b)(3);

ORDERED that the Complaint be dismissed as to Defendants Askar Karabayev, Timur

Koichumanov, Alex Striganov and Naum Voloshin for insufficient service of process.  F.R.C.P.

12(b)(5);

ORDERED that the Complaint be dismissed without leave to amend as to Defendants for

failure to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6);

ORDERED that the following matter be struck from the Complaint:

1) Paragraphs 58 and 59;

2) Paragraph 74 – second sentence;

3) Paragraphs 75 through and including 79;

4) Paragraph 80 – first sentence;

5) Paragraph 81 – portion of third sentence beginning with "as if he . . ..";

6) Paragraphs 85 and 87;

7) Paragraph 88 – parenthetical phrase, ("which was the anniversary of the knife attack

on Bektayev");

8) Paragraphs 89 and 90;

9) Paragraph 91 – second sentence;

10) Paragraph 94 – second and third sentences;

11) All of Count 12 (Paragraphs 153 through and including 158); and

12) Prayer for relief – "damages for the bodily injury . . . upon expert testimony at trial.";

ORDERED that this entire action be transferred to the United States District Court for the

Central District of California for want of jurisdiction in this Court.  28 U.S.C. § 1631;

ORDERED that this entire action be transferred to the United States District Court for the

Central District of California for the convenience of parties and witnesses, in the interest of

justice.  28 U.S.C. § 1404(a);

ORDERED that this entire action be transferred to the United States District Court for the

Central District of California, where venue is proper.  28 U.S.C. § 1406(a).

_____
ELLEN SEGAL HUVELLE
United States District Judge